HELEN PHINNEY, ADMINISTRATRIX (ESTATE OF DONALD AGNELLI) *v.* GENE A. CASALE ET AL.
(13579)

O'Connell, Foti and Hennessy, Js.

Argued November 28, 1995—decision released March 5, 1996

*Kenneth J. McDonnell*, with whom, on the brief, was *Lorri A. Massa*, for the appellant (plaintiff).

*Andrew J. O'Keefe*, with whom was *Maureen Sullivan Dinnan*, for the appellees (defendants).

FOTI, J. This is an appeal from the judgment rendered after the trial court directed a verdict in favor of the defendants and denied the plaintiff's motion to set aside that directed verdict. The plaintiff alleges that the trial court improperly (1) removed the question of negligence from the jury and directed a verdict in favor of the defendants and (2) conducted a settlement conference prior to granting the defendants' motion for a directed verdict. We agree that the trial court improperly directed a verdict in favor of the defendants and reverse the judgment of the trial court.[1]

The plaintiff, Helen Phinney, commenced this action in her capacity as administratrix of the estate of her deceased brother, Donald Agnelli, against the defendants, Gene A. Casale and Aircraft Hardware, Inc. Among other things, the complaint alleged that the vehicle operated by Casale and owned by Aircraft Hardware, Inc.,[2] struck the plaintiff's decedent while he was riding his bicycle on Route 154, a public highway in Chester, knocking him to the ground and causing injuries, including the loss of his right arm. The complaint alleged that "[t]he plaintiff's decedent's injuries were caused by the carelessness and negligence of the defendant Casale in one or more of the following ways: (a) In that he failed to keep a proper and reasonable lookout for pedestrians

---

[1] Because this disposition requires a remand for a new trial, we determine that it is unnecessary to address the plaintiff's second issue claiming that the trial court improperly conducted a settlement conference prior to granting the defendant's motion for a directed verdict, an incident unlikely to recur on retrial.

[2] The complaint alleged that "[t]he defendant operator, Casale, was the agent or employee of the defendant owner, Aircraft Hardware, Inc., and was operating the vehicle in the course of his agency or employment."

and bicyclists along or upon the highway; (b) In that he failed to apply his brakes in time or with sufficient force to avoid a collision, although by a proper and reasonable exercise of his faculties, he could and should have done so; (c) In that he failed to keep his vehicle under proper and reasonable control; (d) In that he failed to turn his motor vehicle sufficiently to the left so as to avoid a collision, although by a proper and reasonable exercise of his faculties, he could and should have done so; (e) In that he allowed four (4) persons to occupy the front seat of the pick-up truck when doing so unreasonably interfered with his ability to safely operate and stop his vehicle; (f) In that he violated [General Statutes] § 14-257 by having in such pick-up truck more than the number of persons for whom reasonable and safe seating space is provided; (g) In that he was operating his vehicle at an unreasonable rate of speed having due regard for the traffic on and near the road, the width of the road and the intersection of streets and parking areas; (h) In that he was operating his vehicle with object(s) or material placed, displayed, or affixed in such a manner as to obstruct or reduce his clear and full view of the road ahead of him in violation of [General Statutes] § 14-99 g (b)."

The jury could reasonably have found the following facts. On September 16, 1991, Agnelli, a sixty-nine year old man who was mildly retarded, was riding his bicycle in a southerly direction on the left side of Route 154 in Chester. At that time and place, Casale was operating a pickup truck in a northerly direction at a speed of approximately thirty to thirty-five miles per hour. In the cab of his vehicle was an adult female and two children, ages one and three.[3] Some items were hanging from the rearview mirror.[4]

---

[3] The baby was in a car safety seat, while the three year old shared a seat belt with his mother.

[4] A police officer, when questioned as to the visibility of the operator being obstructed by "any of the items hanging from the rearview mirror"

As Agnelli and Casale approached one another, Casale was looking straight ahead, with clear visibility and fair weather. Casale had a clear view of the road, which was straight, from at least 500 feet prior to the point of impact. Casale saw Agnelli riding his bicycle toward his vehicle. Agnelli was wearing a light colored checkered shirt and riding a red bicycle. Casale swerved to avoid Agnelli, but the passenger side mirror of the vehicle hit and injured Agnelli's right arm.[5] The impact caused Agnelli to be thrown off his bicycle to the ground. Casale saw Agnelli on the side of the vehicle, heard a thud, looked in his rearview mirror and saw Agnelli lying partially on the embankment. Photographs of the scene, including one aerial photograph, a map, a diagram with measurements of distances noted, the bicycle Agnelli was riding and the shirt he was wearing were introduced into evidence.

Prior to the presentation of evidence, the trial court issued preliminary instructions to the jury regarding the elements of negligence and the plaintiff's burden of proof. At the close of the plaintiff's case, the trial court directed the jury to render a verdict for the defendants because "[t]he evidence presented in this case was insufficient to allow a jury verdict based on more than mere speculation." When the trial court instructed the jury to elect a foreman and to sign the defendants' verdict form, the jury inquired, "Why is it our duty to find in this manner?" The trial court redirected the jury to find for the defendants and the foreman then signed and returned the defendants' verdict form in compliance with the trial court's order.

The dispositive issue in this case is whether the evidence was sufficient to prove, by a fair preponderance

answered, "Not greatly, no." Casale was asked whether "[t]hey obstructed your view so you couldn't see someone in front of you?" He answered, "No."

[5] Agnelli lost his right arm as a result of the collision.

of the evidence, the allegations of negligence alleged in the plaintiff's complaint.[6]

"The rules controlling appellate review of a directed verdict are well settled. Directed verdicts are not generally favored. A trial court's decision to direct a verdict can be upheld only when the jury could not reasonably and legally have reached any other conclusion. . . . We review a trial court's decision to direct a verdict for the defendant by considering all of the evidence, including reasonable inferences, in the light most favorable to the plaintiff." (Citations omitted; internal quotation marks omitted.) *Bilodeau* v. *Bristol*, 38 Conn. App. 447, 454, 661 A.2d 1049, cert. denied, 235 Conn. 906, 665 A.2d 899 (1995). While a verdict may be directed where the decisive question is one of law, *Lombardi* v. *J. A. Bergren Dairy Farms, Inc.*, 153 Conn. 19, 23, 213 A.2d 449 (1965); here it was directed on the court's conclusion that the proof, as presented to the jury, was insufficient as to causation.

Causation is ordinarily a question of fact, and becomes a question of law only when a fair and reasonable person could reach only one conclusion. Causation need not be proven by direct evidence, but can be inferred from circumstantial evidence. *Commercial Union Ins. Co.* v. *Frank Perrotti & Sons, Inc.*, 20 Conn. App. 253, 259, 566 A.2d 431 (1989). As long as some evidence of causation is introduced, the question of its sufficiency should go to the jury. Id. Litigants have a constitutional right to have factual issues as to which reasonable people may reach different conclusions resolved by the jury. *Mather* v. *Griffin Hospital*, 207 Conn. 125, 138, 540 A.2d 666 (1988). The trial court's role is to decide whether, viewing the evidence in the light most favorable to the plaintiff, the jury could have

[6] There is no claim raised that the allegations of the plaintiff's complaint are insufficient to state a cause of action against the defendants.

reasonably and legally reached only one conclusion. *Berry* v. *Loiseau*, 223 Conn. 786, 819–20, 614 A.2d 414 (1992).

The elements of a cause of action for negligence are duty, breach, causation and damages. *Doe* v. *Manheimer*, 212 Conn. 748, 755, 563 A.2d 699 (1989). The defendants argue only that the plaintiff failed to present sufficient evidence from which a jury could find that the negligence alleged was the proximate cause of Agnelli's injuries. Proximate cause is defined as an actual cause that is a substantial factor in the resulting harm. It is a question that should be submitted to the trier of fact if there is room for reasonable disagreement. *Coste* v. *Riverside Motors, Inc.*, 24 Conn. App. 109, 114, 585 A.2d 1263 (1991).

In the present case, there was evidence presented as to the speed at which Casale was driving, the amount of light, the visibility, the road condition, the straightness of the road, the seating space in the cab of the vehicle, the point of impact between the side mirror and Agnelli, and the items hanging on the rearview mirror. The jury also had before it photographs, including an aerial shot, a map, a diagram with measurements of distances, the bicycle Agnelli was riding and the shirt he was wearing. From the evidence, and the reasonable inferences drawn from facts found from that evidence, the jury could have deduced reasonable and logical conclusions. Such conclusions may not be the result of speculation and conjecture. *Boehm* v. *Kish*, 201 Conn. 385, 389, 517 A.2d 624 (1986). In this case, however, the inference that the accident would not have occurred had Casale maintained a proper lookout and kept his vehicle under proper control would have been both reasonable and logical. The jury may have determined that Casale's operation of his vehicle was a substantial factor in the resulting injuries to Agnelli.

We find that reasonable minds could differ on the inferences to be drawn and the conclusions to be reached from the evidence presented on the issue of causation in this case. We conclude, therefore, that the trial court improperly granted the defendants' motion for a directed verdict. The jury could reasonably and logically have concluded from the evidence presented, if accepted as credible, that under all the circumstances it was more probable than not that Agnelli's injuries were proximately caused by Casale's manner of operation of his vehicle, as alleged.

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.