[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION [RE:] MOTION TO STRIKE NO. 105
Facts
On July 30, 1996, the plaintiffs, Susan Rosenberg and Max Rosenberg[1], filed a single count substituted complaint alleging negligent infliction of emotional distress against the defendant, Hebrew Home and Hospital, Inc. The substituted complaint contains the following allegations. L. Herman Lavit is the father of plaintiff Susan Rosenberg, and the grandfather of plaintiff Max Rosenberg. On or about April 2, 1994, L. Herman Lavit was seventy-five years old, in poor health, and a resident at the Hebrew Home. Rabbi Gary Lavit, the estranged brother of plaintiff Susan Rosenberg and the estranged uncle of plaintiff Max Rosenberg, is an employee of the defendant. The defendant knew that the plaintiffs were estranged from Rabbi Gary Lavit and the rest of the Lavit family. The plaintiffs requested that the CT Page 670 defendant notify them if there was any change in L. Herman Lavit's status or condition. The defendant agreed to make such notification. On or about January 29, 1995, L. Herman Lavit was removed from the defendant's premises by, and currently resides with, family members with whom the plaintiffs are estranged. The plaintiffs are now prohibited from visiting or communicating with L. Herman Lavit. Because the defendant failed to provide the agreed upon notice, the plaintiffs were prevented from offering L. Herman Lavit an alternative to his removal from the defendant's premises by their estranged family members, were prevented from saying a final farewell to L. Herman Lavit, and now, are presently prevented from visiting or communicating with L. Herman Lavit. Essentially, the plaintiffs claim that the defendant negligently failed to notify them of L. Herman Lavit's removal from the defendant's premises and the plaintiffs have thus suffered emotional distress.
The defendant filed a motion to strike the plaintiffs' complaint and a supporting memorandum of law. This motion is presently before the court.
Standard
The function of a motion to strike "is to test the legal sufficiency of a pleading." (Internal quotation marks omitted.)RK Constructors Inc. v. Fusco Corp., 231 Conn. 381, 384,650 A.2d 153 (1994); Practice Book § 152. A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted.) Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). Therefore, when ruling on a motion to strike, the court must construe the facts most favorably to the nonmoving party.Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations. . . ." S.M.S. Textile Mills v. Brown, Jacobson,Tillinghast, Lahan and King, P.C., 32 Conn. App. 786, 796,631 A.2d 340, cert. denied, 228 Conn. 903, 634 A.2d 296 (1993). "If facts provable under the allegations would support a defense or a cause of action, the motion to strike must be denied." RKConstructors, Inc. v. Fusco Corp., supra, 231 Conn. 384. "In ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion." Meredith v.Police Commission, 182 Conn. 138, 140, 438 A.2d 27 (1980). CT Page 671
The defendant moves to strike the plaintiffs' entire complaint on three grounds. First, the defendant asserts that the plaintiffs have failed to allege facts which establish that the defendant owed a duty of care to the plaintiffs. Second, the defendant asserts that even assuming the defendant does owe the plaintiffs a duty of care, the plaintiffs have not alleged facts establishing a compensable breach of that duty. Third, the defendant asserts that the plaintiffs have not alleged facts establishing that the defendant's purported negligence proximately caused the harm allegedly suffered by the plaintiffs.
"A cause of action for negligent infliction of emotional distress was first recognized by our Supreme Court in Montimeriv. Southern New England Telephone Co., 175 Conn. 337,398 A.2d 1180 (1978)." Martinez-Duffy v. Dejesus, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 545193 (May 1, 1996, Wagner, J.). To maintain a claim for negligent infliction of emotional distress, "the plaintiff [has] the burden of pleading and establishing that the defendant should have realized its conduct involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in illness or bodily harm." (Emphasis omitted; internal quotation marks omitted.) Morris v. Hartford CourantCo., 200 Conn. 676, 683, 513 A.2d 66 (1986); see also Montimeriv. Southern New England Telephone Co., supra, 175 Conn. 345. Additionally, "[a] cause of action for negligent infliction of emotional distress . . . requires that the facts alleged by the plaintiff demonstrate the elements necessary to establish negligence." Meehan v. Yale New Haven Hospital, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 320418 (March 12, 1996, Hartmere, J.), citing Montimeri v.Southern New England Telephone Co., supra, 175 Conn. 341. "The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." RK Constructors, Inc. v. Fusco Corp., supra,231 Conn. 384.
The defendant first argues that the plaintiffs have failed to allege facts establishing that the defendant owed the plaintiffs a duty of care. "The existence of a duty of care, an essential element of negligence, is a matter of law for the court to decide. . . . A duty to use care may arise from a contract, from a statute, or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result CT Page 672 from his act or failure to act. . . ." (Citations omitted; internal quotation marks omitted.) Burns v. Board of Education,228 Conn. 640, 646, 638 A.2d 1 (1994)
The plaintiffs have made the following pertinent allegations in the substituted complaint regarding the duty of care. In paragraph six, the plaintiffs allege that they requested that the defendant notify them of any change in the status or condition of L. Herman Lavit. In paragraph seven, the plaintiffs allege that the defendant agreed to make such notification through its employee Rabbi Gary L. Lavit. In paragraph 13, the plaintiffs allege that the defendant agreed that the supervising nurse, an employee of the defendant, would notify the plaintiffs of any change in the status or condition of L. Herman Lavit. These allegations, including those facts necessarily implied and fairly provable under the allegations, when viewed in the manner most favorable to the plaintiffs, sufficiently allege facts demonstrating that the defendants owed the plaintiffs a duty of care.
Second, the defendant argues that even assuming that the defendant has alleged facts indicating that the defendant owed the plaintiff a duty of care, the plaintiff has not alleged facts demonstrating a breach of that duty. Whether the defendant has breached the duty of care in a particular situation is a question of fact to be determined by the trier. RK Constructors, Inc. v.Fusco Corp., supra, 231 Conn. 384; Shore v. Stonington,187 Conn. 147, 151-52, 444 A.2d 1379 (1982).
The plaintiffs have made the following pertinent allegations in the substituted complaint regarding the breach of the duty of care. In paragraph 10, the plaintiffs allege that Rabbi Gary J. Lavit failed to notify the plaintiffs of changes in the status and condition of L. Herman Lavit. In paragraph 14, the plaintiffs allege that L. Herman Lavit was removed from the defendant, and the defendant failed to give notice to the plaintiffs of such removal. These allegations, including facts necessarily implied and fairly provable under the allegations, sufficiently allege that the defendant breached a duty of care owed to the plaintiffs by failing to notify the plaintiffs of L. Herman Lavit's removal from the defendant.
Third, the defendant argues that the plaintiffs have failed to allege facts demonstrating that the defendant's allegedly negligent conduct proximately caused the plaintiffs' injuries. CT Page 673 "In order for legal causation to exist, actual cause or cause in fact, as well as proximate cause, must be present." Coste v.Riverside Motors, Inc., 24 Conn. App. 109, 113, 585 A.2d 1263
(1991); see also Stewart v. Federated Dept. Stores, Inc.,234 Conn. 597, 604, 662 A.2d 753 (1995). "Proximate cause is defined as an actual cause that is a substantial factor in the resulting harm." Phinney v. Casale, 40 Conn. App. 495, 500, 671 A.2d 851
(1996). Ordinarily, proximate cause is a question of fact for the trier. Coste v. Riverside Motors, Inc., supra 24 Conn. App. 114.
In the present case, the plaintiffs have made the following allegations in the substituted complaint relating to proximate cause. In paragraph 16, the plaintiffs allege that because of L. Herman Lavit's removal from the defendant, the plaintiffs are not able to visit or communicate with L. Herman Lavit. In paragraph 17, the plaintiffs allege that had the defendant notified the plaintiffs of L. Herman Lavit's impending removal, the plaintiffs would have had the opportunity to visit with L. Herman Lavit before his removal, could have ascertained L. Herman Lavit's views concerning his removal, and could have offered L. Herman Lavit an alternative to his removal to the home of family members with whom the plaintiffs are estranged. In paragraph 18, the plaintiffs allege that due to their inability to communicate with L. Herman Lavit, they have suffered severe emotional distress. In paragraph 19, the plaintiffs allege that the defendant should have realized that its failure to notify the plaintiffs of the impending removal of L. Herman Lavit involved an unreasonable risk of causing emotional distress and that distress if it were caused, might result in illness or bodily harm. These allegations, including facts necessarily implied and fairly provable under the allegations, when read in the light most favorable to the plaintiffs, sufficiently allege proximate cause.
The foregoing analysis clearly demonstrates that the plaintiffs have sufficiently alleged that the defendant owed the plaintiffs a duty of care; that the defendant has breached that duty of care, and that such breach caused the plaintiffs' injuries.
Accordingly, the defendant's motion to strike should be denied.
Melville, J.