[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#115)
The plaintiff commenced an action against the defendants, Connecticut Physicians Surgical Supplies, Inc. (Connecticut Physicians') and Douglas I. Fraser (Fraser), arising out of an automobile accident that occurred on November 9, 1996 on North Main Street in Norwalk, Connecticut. The defendant Connecticut Physicians' owned the vehicle involved in the accident, while the defendant Fraser was the employee-driver. The plaintiff alleges that the defendant's motor vehicle rear ended his motor vehicle, causing physical injury and lost wages. At the scene of the accident, a police officer filled out an accident report and issued Fraser a written warning for violating General Statutes § 14-240, for failure to drive a reasonable distance apart CT Page 11699 from the vehicle in front.
The plaintiff moves for summary judgment as to the liability portion of his cause of action, maintaining that there "are no material issues of fact raised by the pleadings." The defendants argue that there is a genuine issue of material fact "as to the standard of care exercised by the defendant and whether or not such alleged negligence was the legal cause of the injuries allegedly sustained by the plaintiff."
"The standard of review for summary judgment is well established. Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . ." (Internal quotation marks omitted.) Maffucci v. RoyalPark Ltd. Partnership, 243 Conn. 552, 554-55, 707 A.2d 5 (1998). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." Hertz Corp. v. Federal Ins. Co.,245 Conn. 374, 381, ___ A.2d ___ (1998). "A 'material' fact has been defined adequately and simply as a fact which will make a difference in the result of the case . . . The test [for granting summary judgment] is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted; internal quotation marks omitted.) Hammer v. Lumberman's Mutual CasualtyCo., 214 Conn. 573, 578, 573 A.2d 699 (1990).
The plaintiff asserts that since the defendant, Fraser, hit the plaintiff's vehicle, he as a matter of law "failed to operate his motor vehicle at a reasonable distance apart" and therefore did not "obey the traffic laws," rendering his actions negligent. The defendants counter that" evidence of a rear end collision alone is insufficient to establish negligence on the part of the operator whose car struck the rear of a plaintiff's vehicle" and for support cite to O'Brien v. Cordova, 171 Conn. 303, 306,370 A.2d 933 (1976). In addition, the defendants argue that an affidavit and police report are insufficient to show that the defendants' did not act in accordance with the applicable standard of care. Moreover, the documents do not conclusively prove causation for purposes of summary judgment because causation is a question of fact. CT Page 11700
Motions for summary judgment are "especially ill-adapted to negligence cases, where, as here, the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation . . . [T]he conclusion of negligence is necessarily one of fact." (Citations omitted; internal quotation marks omitted.) Michaud v. Gurney,168 Conn. 431, 434, 362 A.2d 857 (1975). More specifically, "[c]ausation is ordinarily a question of fact." Phinney v. Casale,40 Conn. App. 495, 499, 671 A.2d 851 (1996) "[T]he question of the existence of proximate cause is essentially a question of fact to be decided by the trier of fact." Suarez v.Sordo, 43 Conn. App. 756, 767, 685 A.2d 1144
(1996), cert. denied, 240 Conn. 906, 688 A.2d 334 (1997). Whether the defendant Fraser's actions in operating the vehicle directly or proximately caused the plaintiff's injuries is a question of fact to be weighed by the trier of fact and cannot be decided on a motion for summary judgment.
As for the plaintiff's evidence, the Connecticut Supreme Court stated, in Fogarty v. Rashaw, 193 Conn. 442, 444,476 A.2d 582 (1984), that "except for the portion of the police report containing the personal observations of the police officer, none of [the] statements would have been admissible against the [defendants] because of the hearsay rule. They could not, therefore, have been relied upon to support the motion for summary judgment." The police report provided by the plaintiff in the present case contains primarily statements made by both parties and almost no investigative observations made by the patrolman on the scene, thereby rendering most of the report inadmissible. In Hemenway v. Rivera, Superior Court, judicial district of New Haven at New Haven, Docket No. 372677 (October 24, 1995, Freedman, J.), that court held that "[a]dmissions in a motor vehicle report, while tending to prove one's negligence, are not conclusive . . . Such evidence may create a genuine issue of material fact." Accordingly, even if the defendant's statement in the police report is admissible as a party admission, it is still one for the trier of fact to weigh, making it a genuine issue of material fact.
Furthermore, the Connecticut Supreme Court noted that "[s]ection 14-240 [(following too closely)] has mitigating elements which raise factual questions for the jury." Wrinn v.State, 234 Conn. 401, 405 n. 4, 661 A.2d 1034 (1995). Lastly, CT Page 11701 "[as] it is possible for a jury to disbelieve the police officer's conclusion that the fault of the collision lies with [the defendant], there is not sufficient evidence to exclude the negligence issue in this case as a genuine issue of material fact." Bajrami v. Baker, Superior Court, judicial district of Waterbury, Docket No. 118269 (November 21, 1994, Sylvester, J.).
The plaintiff has not met the burden of proving that there is no genuine issue of material fact, therefore his motion for summary judgment is denied.
MINTZ, J.