[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#128)
The plaintiff, John Loforese, filed an amended revised complaint (complaint) on March 26, 1998, alleging in the third count that the defendant, D.R.S. Consultants, Inc. (D.R.S.), failed to both properly monitor the blasting undertaken by the defendant, Hard Rock Blasting Company, Inc. (Hard Rock) and inspect the house located at 10 Ann Street, Greenwich, Connecticut, the plaintiffs residence. Hard Rock was blasting rock to prepare for the construction of a house at 149 Holly Hill Lane. The plaintiff claims D.R.S.'s actions were negligent, resulting in $12,985 in property damages to the exterior and interior of his house as well as a decrease in the value of his house.
D.R.S. moves for summary judgment as to the third count of the plaintiff's complaint. D.R.S. asserts that there is no genuine issue of material fact because it owed no duty of care to the plaintiff nor was there any causal connection between D.R.S.'s actions and the plaintiff's injuries. The plaintiff counters that there is a genuine issue of material fact as to D.R.S.'s participation in determining the extent of D.R.S.'s duty as it pertains to plaintiff's property.
"The standard of review for summary judgment is well established. Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a CT Page 11696 party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together t with the evidence disclosing the existence of such an issue . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court . . ." (Internal quotation marks omitted.) Maffucci v. Royal Park Ltd.Partnership, 243 Conn. 552, 554-55, 707 A.2d 5 (1998).
D.R.S. argues that because it had no contractual relationship with the plaintiff, it owed no duty of care to him or any other adjacent landowners. D.R.S. claims its responsibilities were only to observe and monitor the blasting and write a report after the fact. D.R.S. further asserts that any agreement D.R.S. had with co-defendant Hard Rock did not extend, either explicitly or implicitly, an obligation toward the plaintiff and therefore "there can be no connection between the injuries suffered by the plaintiff, and the duty of care, if any, owed by the defendant, D.R.S."
The plaintiff, Loforese, responds that a "material issue [of] fact exists as to the scope and nature of [D.R.S.'s] role and duties as to 10 Ann Street," the plaintiffs residence. Plaintiff maintains that D.R.S. was to inspect the area and report to Hard Rock before the blasting, monitor during and after the blasting, and report any property damage which occurred due to the blasting operation. The plaintiff contends that D.R.S. negligently breached its duty by not informing Hard Rock of problems during the blasting and not reporting his property damage to Hard Rock. In terms of causation, the plaintiff argues that due to D.R.S.'s negligent pre-blast inspection of the adjacent structures and area topography, the blasting damaged his property.
Motions for summary judgment are "especially ill-adapted to negligence cases, where, as here, the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation . . . [T]he conclusion of negligence is necessarily one of fact. (Citations omitted; internal quotation marks omitted.) Michaud v. Gurney,168 Conn. 431, 434, 362 A.2d 857 (1975). Because this is a negligence case, the duty of care stems from the performance of a person's actions, not from contract law. CT Page 11697
While "[t]he existence of a duty is a question of law,"Mendillo v. Board of Education, 246 Conn. 456,483, ___ A.2d ___ 1988), "[t]he ultimate test of the existence of the duty to use care is found in the foreseeability that harm may result if it is not exercised . . . By that is not meant that one charged with negligence must be found actually to have foreseen the probability of harm or that the particular injury which resulted was foreseeable, but the test is, would the ordinary [person] in the defendant's position, knowing what he knew or should have known, anticipate that harm of the general nature of that suffered was likely to result?" (Internal quotation marks omitted.? Jaworski v. Kiernan,241 Conn. 399, 405, 696 A.2d 332 (1997).
Therefore, the factual dispute over D.R.S.'s actual involvement in the blasting has to be resolved before the court can decide if D.R.S. owed a duty toward the plaintiff. Once the trier of fact "conclude[s] that the plaintiff's injury was a foreseeable consequence of the defendant's actions, [the court] need[s] to determine as a matter of policy the extent of the legal duty to be imposed on the defendant." Id., 407.
With both parties providing documents in the form of affidavits that conflict with each other, there is a genuine issue of material fact. The president of D.R.S., Douglas Simms, affirms that D.R.S.'s role in the blasting was limited to observing and monitoring the seismic activity and reporting the results to Hard Rock as per an oral agreement. Simms further states that D.R.S. had no authority to recommend or institute changes in how the blasting was conducted nor did it have an obligation to "perform any services on behalf of the plaintiff." The plaintiff, in his affidavit, avers that D.R.S. not only performed a pre-blast inspection, but also told him they would report to Hard Rock any property damage the plaintiff incurred due to the adjacent blasting, which D.R.S. failed to do. Therefore, to determine D.R.S.'s role, the trier of fact must weigh evidence describing D.R.S.'s actions at the blast site, its connection to Hard Rock regarding the terms of their contract and its knowledge of the events that occurred during and after blasting.
With respect to D.R.S.'s second ground on the summary judgment motion, claiming no causal connection between the plaintiff's injury and D.R.S.'s actions, there is a genuine CT Page 11698 issue of material fact. "Causation is ordinarily a question of fact," Phinney v. Casale, 40 Conn. App. 495, 499,671 A.2d 851 (1996), and becomes a question of law only when a fair and reasonable person could reach only one conclusion. "[T]he question of the existence of proximate cause is essentially a question of fact to be decided by the trier of fact."Suarez v. Sordo, 43 Conn. App. 756, 767, 685 A.2d 1144
(1996), cert. denied, 240 Conn. 906, 688 A.2d 334 (1997). Whether the activities performed by D.R.S. directly or proximately caused the plaintiff's property damage is a question of fact to be weighed by the trier of fact and cannot be decided by summary judgment.
D.R.S. has not met the burden of showing no genuine issue of material fact and therefore its motion for summary judgment as to count three of the amended revised complaint is denied
MINTZ, J.