JOHN GREENE *v.* ALAN PERRY
(AC 19847)

Schaller, Zarella and Pellegrino, Js.

Submitted on briefs September 15, 2000—officially released March 20, 2001

*Ernest J. Cotnoir* filed a brief for the appellant (defendant).

*Richard J. Duda* filed a brief for the appellee (plaintiff).

*Opinion*

PELLEGRINO, J. The defendant, Alan Perry, appeals from the judgment of the trial court finding him negligent and in breach of a construction contract, and awarding damages to the plaintiff, John Greene. On appeal, the defendant claims that the court improperly (1) found that his faulty workmanship caused damage to the plaintiff's home because the defendant adhered to the architectural plans and (2) determined the amount of damages due to the plaintiff. We affirm the judgment of the trial court.

The court found the following facts. The defendant, a building contractor, entered into a written contract with the plaintiff to construct a residential dwelling on the plaintiff's property in Canterbury. The defendant was to follow an architectural plan and blueprints that provided for a main carrying beam, which would be supported by two Lally columns. An earlier version of the plan had called for three Lally columns to support the beam. One Lally column subsequently was removed to provide for more unobstructed space in the basement area. Before construction began, the architect orally informed the defendant that, although two columns would be adequate to support the beam, the defendant should install a steel carrying beam instead of a wooden one. Contrary to that instruction, the defendant

installed a wooden carrying beam that he created by nailing together three two-by-twelve inch planks. Because the wooden beam provided inadequate weight load support, the floor in the main hallway of the house soon crowned and buckled. The plaintiff noticed the problem after taking possession of the premises. He retained a civil engineer to examine the structure of the dwelling. The engineer determined that the support system was overstressed and recommended remedial measures to prevent further structural damage.

The plaintiff thereafter brought this action against the defendant, alleging breach of contract[1] and negligence because of unworkmanlike performance, and breach of express and implied new home warranties pursuant to General Statutes §§ 47-117 and 47-118. The plaintiff also sought reimbursement for the cost of the necessary structural repairs. After a trial, the court found that the warranty statutes were inapplicable,[2] but that the defendant's failure to use a steel carrying beam constituted faulty workmanship, and amounted to negligence and breach of the construction contract. The court awarded the plaintiff $19,700 in damages. This appeal followed.

The defendant's claims on appeal involve questions of law and fact. Our standards of review are well settled. "[W]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision; where the factual basis of the court's decision is challenged

[1] Pursuant to the parties' contract, the defendant agreed to construct the entire home, except for the foundation, "to [the owner's] satisfaction," and agreed that "all workmanship is guaranteed for one year."

[2] General Statutes §§ 47-117 and 47-118 apply only if the builder constructs a home on a lot and sells both the lot and home to a third party. The plaintiff was not a "purchaser" within the meaning of those statutes. The plaintiff has not challenged that portion of the court's ruling.

we must determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous." (Internal quotation marks omitted.) *Keefe* v. *Norwalk Cove Marina, Inc.*, 57 Conn. App. 601, 609, 749 A.2d 1219, cert. denied, 254 Conn. 903, 755 A.2d 881 (2000).

## I

The defendant first claims that the court improperly found that his workmanship was faulty and, thus, that he had constructed the plaintiff's house negligently. He argues that the damage to the plaintiff's home resulted from a defective architectural design. The defendant insists that because he built the plaintiff's dwelling in accordance with the architect's written plans and because those plans did not specify a steel carrying beam, his workmanship cannot be found faulty, and he cannot be held responsible for the damage caused by the inadequate support system. We disagree.

"The existence of a duty of care is an essential element of negligence. . . . A duty to use care may arise from a contract, from a statute, or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act. . . . When negligent construction is alleged the plaintiff must prove that the defendant knew or should have known of the circumstances that would foreseeably result in the harm suffered." (Citations omitted.) *Coburn* v. *Lenox Homes, Inc.*, 186 Conn. 370, 375, 441 A.2d 620 (1982). "A builder is under a duty to exercise that degree of care which a skilled builder of ordinary prudence would have exercised under the same or similar conditions." *Calderwood* v. *Bender*, 189 Conn. 580, 584, 457 A.2d 313 (1983).

"The existence of a duty is a question of law and . . . if such a duty is found to exist . . . the trier of fact then determine[s] whether the defendant violated that duty in the particular situation at hand." (Internal quotation marks omitted.) *Maffucci* v. *Royal Park Ltd. Partnership*, 243 Conn. 552, 566, 707 A.2d 15 (1998). Here, the defendant held himself out to be a skilled builder, and the building contract contained a provision in which he guaranteed all materials and workmanship. We agree with the court that the defendant, therefore, had a duty to exercise the degree of care applicable to a skilled builder.

In finding that the defendant had breached that duty, the court relied on the testimony of the parties and several other witnesses, including a structural and civil engineer, a building contractor and a Canterbury building official. The defendant testified that the architect had told him that using only two Lally columns would be possible, but "he suggested that [plaintiff] put in a steel beam." He testified that "[the architect] recommended that [the plaintiff] use a steel beam" and that the defendant ought "to tell [the plaintiff]." The defendant acknowledged that he was aware of the potential for stress on the beam due to the removal of the third column from the plan. The plaintiff, on the other hand, testified that he and the defendant had never discussed either the number of Lally columns or the need for a steel carrying beam. Michael P. Culmo, the structural and civil engineer, testified that had there been "a stronger floor system . . . and a stronger carrying beam . . . the system would've worked."

"[I]t is well established that the evaluation of [witnesses'] testimony and credibility are wholly within the province of the trier of fact." *Szczerkowski* v. *Karmelowicz*, 60 Conn. App. 429, 434, 759 A.2d 1050 (2000). Further, the issue of causation is normally a question of fact. *Phinney* v. *Casale*, 40 Conn. App. 495, 499, 671

A.2d 851 (1996). The court heard the testimony of the witnesses firsthand and found it to be credible. On the basis of that testimony and the other evidence presented, the court found that the architect had told the defendant that a steel carrying beam was necessary, that the defendant disregarded that instruction and used a wooden beam, and that the defendant failed to apprise the plaintiff of the architect's recommendation. The court concluded that those omissions resulted in the damage to the plaintiff's home.

Considering those factual findings, the court held that the defendant had failed to exercise the ordinary prudence required of a skilled builder because he knew or should have known that a wooden beam was inadequate to handle the increased load that would result from the elimination of the third Lally column.

We have no basis for disturbing the court's findings as to the critical facts. Although the defendant in his reply brief has directed us toward contradictory testimony that he claims is dispositive, we note that "[i]t is the trier's exclusive province to weigh the conflicting evidence, determine the credibility of witnesses and determine whether to accept some, all or none of a witness' testimony." *State* v. *Smith*, 57 Conn. App. 290, 299, 748 A.2d 883, cert. denied, 253 Conn. 916, 754 A.2d 164 (2000).

Because we cannot conclude that the court's factual findings were clearly erroneous or that its legal analysis was faulty, we hold that the court correctly found that the defendant was negligent and in breach of his contract with the plaintiff, and should be held responsible for the resulting losses.

II

The defendant also claims that the court improperly computed the amount of damages due to the plaintiff.

He argues that the court, in effect, counted the cost of certain items of repair twice when it added together the costs of temporary repairs as shown on one exhibit, exhibit L, and the cost of permanent repairs as shown on another exhibit, exhibit K, because each exhibit listed some of the same remedial measures. We affirm the court's computation of damages.

In computing the cost of repairs, the court did not utilize the estimate shown on exhibit K. In its response to the defendant's motion for articulation on damages, the court explained that it utilized two figures on exhibit L to determine the total cost of the structural repairs. The court added together the amount already billed for temporary stabilization of the home and the amount noted as necessary to complete the balance of the repairs.[3] Exhibit L does not contain any itemization of the work or materials necessary to complete the balance of the repairs, and the defendant did not seek further articulation of the court's interpretation of that matter. Therefore, it is impossible for us to determine whether the court considered any particular items twice. "Our role is not to guess at possibilities, but to review claims based on a complete factual record developed by a trial court. . . . Without the necessary factual and legal conclusions furnished by the trial court, either on its own or in response to a proper motion for articulation, any decision made by us respecting this claim would be entirely speculative." (Internal quotation marks omitted.) *Alix* v. *Leech*, 45 Conn. App. 1, 5, 692 A.2d 1309 (1997).

The defendant does not dispute that the court used the proper measure of damages. He disputes only their

---

[3] Exhibit L listed a number of repairs and the amount billed for them as $4700. The exhibit also contained a notation that the "[t]otal cost of balance of work shall be $8,700.00 . . . ." The court referred explicitly to those figures in articulating its computation of damages. It made no reference to exhibit K.

computation. "The trial court has broad discretion in determining damages, and we will not overturn its decision unless it is clearly erroneous." *Keefe* v. *Norwalk Cove Marina, Inc.*, supra, 57 Conn. App. 609. Here, the court reasonably based its computation of damages on the two figures included in exhibit L, which represented the remedial work already performed and that remaining. The court's computation is not clearly erroneous.

The judgment is affirmed.

In this opinion the other judges concurred.