[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Barbara Home, moves to set aside a jury verdict delivered in favor of the plaintiff, the estate of Shelby LePage, on CT Page 7662 January 30, 2001. The defendant's motion raises several claims of erroneous rulings by the court during the trial. At oral argument on this motion the court disposed of all of these claims except for the presence or absence of a duty of care. This opinion, therefore, only addresses that issue which is whether the defendant, a family day care provider, owed the decedent, an eighty day old infant, a duty to minimize the likelihood of death as a result of Sudden Infant Death Syndrome (SIDS), by positioning or repositioning the child in a crib so as to avoid having the infant sleep on her stomach or prone position.
Neither party has discovered any Connecticut caselaw confronting this issue or previously recognizing this duty.
The existence of a duty is a question of law, and only if such a duty of care exists can a trier-of-fact determine whether that obligation was breached, Gazo v. Stamford, 255 Conn. 245, 250 and 251 (2001). The test employed for such a determination entails (1) an assessment of whether an ordinary person in the defendant's circumstance, knowing what the defendant knew or should have known, would have anticipated that injury of the general nature suffered by the plaintiff was likely to result and (2) a public policy analysis as to whether the defendant's responsibility ought to extend to the particular consequences or particular plaintiff in the case, Id.
The defendant makes no argument that public policy dictates that day care providers be exempt from liability for reasonably foreseeable harm to children placed under their care. Thus, the court only speaks to the first prong of the test, i.e., the question of foreseeability.
A duty of care may arise from contract, statute, or circumstances,Green v. Perry, 62 Conn. App. 338, 341 (2001). The evidence in this case lacks any support for the creation of a duty arising from contract or by statute. Nor is resort to constructive knowledge on the defendant's part necessary because of the peculiar facts of this case. The court's analysis, then, focuses on whether a reasonable person, knowing what the defendant knew, would anticipate that SIDS would be a likely consequence of the defendant's failure to place the infant in or to restore her to a supine position.
Knowledge of a dangerous condition may establish a duty of care,Claveloux v. Downtown Racquet Club, 44 Conn. App. 691, 697 (1997); Martinv. Connecticut Light and power Co., 35 Conn. App. 212, 218 (1994). Regarding the evidence most favorably for the plaintiff, in this case the defendant knew that the Academy of American Pediatrics (AAP) had recommended that infants be placed on their backs or sides for sleeping rather than the prone position because of a higher rate of SIDS among CT Page 7663 babies put to bed on their stomachs. The jury could reasonably have concluded that the defendant specifically placed the decedent on her side because of the recommendation. When she returned to the decedent's crib, after the child had been asleep for a while, she discovered that the child had fallen over onto her stomach. The defendant failed to restore the infant to her back or side, and this failure to position or reposition properly constitutes the neglectful omission alleged in this case.
"Duty is a legal conclusion about relationships between individuals, made after the fact, and imperative to a negligence cause of action,"Fraser v. United States, 236 Conn. 625, 632 and 631 (1996). No universal test has been formulated as to whether a duty exists, Jaworski v.Kiernan, 241 Conn. 399, 404 (1997). The threshold inquiry is whether the harm alleged was foreseeable to the defendant, Id. The defendant need not have actually apprehended the probability that a particular injury or any injury would result. The question is whether an ordinary person with the defendant's knowledge would have expected harm of the general nature of that sustained was likely to result Id.
Every injury is literally foreseeable, just as every act or omission has endless consequences, First Federal Savings and Loan Assn. ofRochester v. Charter Appraisal Co., 247 Conn. 597, 605 (1999). As a result, literal foreseeability is not the "fulcrum of duty," Lodge v.Arett Sales Corp., 246 Conn. 563, 576 (1998). Foreseeability of the mere possibility of such injury is insufficient to create a duty, Pion v.SNET, 44 Conn. App. 657, 661 (1997). Liability only attaches for reasonably foreseeable consequences, Lodge v. Arett Sales Corp., supra, 577. The court must decide whether the nexus between the defendant's conduct and the child's death was reasonably foreseeable by an ordinary person with the defendant's knowledge or was so attenuated as to be regarded as unforeseeable.
The evidence produced at trial revealed that the mechanism of death by SIDS is presently unknown. The phenomenon results from some yet to be discovered pathology involving the interplay of respiration, heart function, and sleep. By clinical definition, SIDS is unexpected and, therefore, untreatable. Despite ignorance of its etiology, it is currently recognized that SIDS strikes a significantly higher percentage of infants who sleep on their stomachs than those who sleep in other positions. This knowledge derives from many studies conducted globally.
As noted above, the evidence disclosed that the defendant was aware of the AAP recommendation based on these studies. She either purposefully laid the decedent on its side because of the recommendation and later failed to restore the child to the recommended position or failed to CT Page 7664 abide by the recommendation at all. In either event, given the defendant's knowledge, a reasonably foreseeable consequence of the defendant's conduct was to increase the risk that SIDS might strike the decedent. The court concludes that a reasonable day care provider, armed with the defendant's knowledge of the proper sleeping position to minimize the risk of SIDS, owes a duty of care to infants whose welfare has been entrusted to the provider to guard against placing babies to sleep on their stomachs and to restore them to supine position should the provider discover that the child has rolled into the prone position.
The motion to set aside the verdict for the plaintiff based on absence of a duty of care is denied.
Sferrazza, J.