LAURA SOARES, ADMINISTRATRIX (ESTATE OF SUZANNE SOARES) *v.* GEORGE A. TOMASSO CONSTRUCTION CORPORATION ET AL.
(AC 20863)

Dranginis, Flynn and Peters, Js.

---

Argued May 7—officially released October 23, 2001

*Edward G. Fitzpatrick,* for the appellant (plaintiff).

*George J. DuBorg,* for the appellees (defendants).

*Opinion*

DRANGINIS, J. The plaintiff, Laura Soares, administratrix of the estate of the decedent, Suzanne Soares, appeals from the summary judgment rendered in favor of the defendant George A. Tomasso Construction Corporation.[1] On appeal, the plaintiff claims that the trial court improperly (1) concluded that the defendant did not owe a duty of care to the decedent and (2) imputed the negligence of the driver to the decedent. We affirm the judgment of the trial court.

---

[1] The George A. Tomasso Construction Corp. George A. Tomasso A Joint Venture also was named as a defendant. Judgment was rendered in favor of both defendants. We refer in this opinion to both defendants as the defendant.

The following undisputed facts and procedural history are relevant to our disposition of the plaintiff's appeal. In the early morning of November 3, 1996, the decedent was a passenger in a pickup truck. The driver, while under the influence of alcohol, was operating the vehicle southbound in the northbound lane of South Main Street in Naugatuck. The truck had only one functional low beam headlight. The vehicle left the road, traveled onto a grass area adjacent to the Route 8 southbound entrance ramp at exit twenty-nine, went over a dirt mound and overturned, resulting in the decedent's death. The defendant is a construction contractor, which, at the time of the incident, was improving and resurfacing the roadway of Route 8 near the area where the incident occurred.

On October 26, 1998, the plaintiff commenced an action alleging that the defendant had negligently placed the pile of dirt in the grassy area, proximately causing the decedent's death. The court rendered summary judgment, finding that the defendant owed no duty to the plaintiff's decedent. This appeal followed. Additional facts and procedural history will be set forth as necessary.

Our standard of review of a trial court's decision to grant a motion for summary judgment is well established. Practice Book § 17-49 provides in relevant part that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts. . . . On appeal, [w]e must decide

whether the trial court erred in determining that there was no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . Because the trial court rendered judgment for the [defendant] as a matter of law, our review is plenary and we must determine whether the legal conclusions reached by the trial court are legally and logically correct and whether they find support in the facts set out in the memorandum of decision of the trial court. . . . On appeal, however, the burden is on the opposing party to demonstrate that the trial court's decision to grant the movant's summary judgment motion was clearly erroneous." (Citations omitted; internal quotation marks omitted.) *Crystal Lake Clean Water Preservation Assn.* v. *Ellington*, 53 Conn. App. 142, 146–47, 728 A.2d 1145, cert. denied, 250 Conn. 920, 738 A.2d 654 (1999).

I

The plaintiff first claims that the court improperly determined that the defendant owed no duty of care to the decedent and improperly relied on *Pion* v. *Southern New England Telephone Co.*, 44 Conn. App. 657, 691 A.2d 1107 (1997). She claims that the defendant, a contractor that had used the area for two years, reasonably could foresee that a vehicle would deviate from the road and collide with the pile of dirt,[2] and that the defendant thus owed the decedent a common-law duty as recognized in 2 Restatement (Second), Torts § 368 (1965).[3] The defendant argues that the court properly

[2] In her brief, the plaintiff also argues that summary judgment is inappropriate in this case because there are mixed questions of fact and law. At no point, however, does the plaintiff challenge the trial court's determination that there were no genuine issues of material fact. "The issue of whether a defendant owes a duty of care is an appropriate matter for summary judgment because the question is one of law." *Pion* v. *Southern New England Telephone Co.*, supra, 44 Conn. App. 660.

[3] Section 368 of 2 Restatement (Second), supra, provides: "A possessor of land who creates or permits to remain thereon an excavation or other artificial condition so near an existing highway that he realizes or should

concluded as a matter of law that the vehicle was not in the ordinary course of travel, and, therefore, that the decedent was owed no duty. It further claims that *Pion* is dispositive. We agree with the defendant.

The following additional facts are relevant to our disposition of the plaintiff's claim. The court, in granting the defendant's motion for summary judgment, noted that (1) the driver was intoxicated, (2) the truck had only one functional low beam headlamp and (3) the truck was traveling in the opposite lane of traffic. The court stated in its memorandum of decision that "[i]n its motion for summary judgment, [the defendant] argues that under the circumstances of this case, it owed no duty to the plaintiff and therefore is not liable for her death." The court concluded as a matter of law that the driver's behavior "does not constitute use of the vehicle in the ordinary course of travel" as defined in § 368 of the Restatement (Second) of Torts. The court further held that the defendant owed no duty to the plaintiff because "[u]nder these circumstances, the defendant could not reasonably foresee the possibility of an accident such as the plaintiff's." (Internal quotation marks omitted.)

"Negligence occurs where one under a duty to exercise a certain degree of care to avoid injury to others fails to do so." *Dean* v. *Hershowitz*, 119 Conn. 398, 407–408, 177 A. 262 (1935). "The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." *RK Constructors, Inc.* v. *Fusco Corp.*, 231 Conn. 381, 384, 650 A.2d 153 (1994). "The existence of a duty of care is an essential element of negligence. . . . A duty

---

realize that it involves an unreasonable risk to others accidentally brought into contact with such condition while traveling with reasonable care upon the highway, is subject to liability for physical harm thereby caused to persons who (a) are traveling on the highway, or (b) foreseeably deviate from it in the ordinary course of travel."

to use care may arise . . . from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act." (Internal quotation marks omitted.) *Greene* v. *Perry*, 62 Conn. App. 338, 341, 771 A.2d 196, cert. denied, 256 Conn. 917, 773 A.2d 943 (2001).

"Duty is a legal conclusion about relationships between individuals, made after the fact, and imperative to a negligence cause of action. The nature of the duty, and the specific persons to whom it is owed, are determined by the circumstances surrounding the conduct of the individual. . . . The ultimate test of the existence of the duty to use care is found in the foreseeability that harm may result if it is not exercised. . . . A simple conclusion that the harm to the plaintiff was foreseeable, however, cannot by itself mandate a determination that a legal duty exists. . . . The problem for the law is to limit the legal consequences of wrongs to a controllable degree. . . . The final step in the duty inquiry, then, is to make a determination of the fundamental policy of the law, as to whether the defendant's responsibility should extend to such results." (Internal quotation marks omitted.) *Lombard* v. *Edward J. Peters, Jr., P.C.*, 252 Conn. 623, 632–33, 749 A.2d 630 (2000).

The plaintiff claims that the defendant owes the duty that adjacent landowners owe travelers on public roads. We have held that an adjacent landowner owes a duty only to those travelers who deviate from the road in the ordinary course of travel. *Pion* v. *Southern New England Telephone Co.*, supra, 44 Conn. App. 662.[4] In

---

[4] In *Pion*, the plaintiff was riding his bicycle downhill at a high rate of speed when he veered off the road and hit an electric signal repeater box and the telephone pole on which it was mounted. *Pion* v. *Southern New England Telephone Co.*, supra, 44 Conn. App. 658. The land was controlled and maintained by the defendant. Id. The plaintiff had ridden his bicycle

*Pion*, we specifically adopted the view of § 368 of the Restatement (Second) of Torts. Id., 662. The plaintiff would have this court limit our holding in *Pion* only to those circumstances where public policy mandates protection of the landowner, such as those involving public utilities. We decline to do so because, although there are factual distinctions, the underlying legal analysis applies to a variety of circumstances, including the present case.

In her argument, the plaintiff attempts to distinguish the present case factually from *Pion* and other cases involving public utilities. She proposes that the general rule, for public policy reasons, be that the location of telephone poles adjacent to the road does not impose liability on a utility company unless that placement creates a hazard for travelers in the ordinary course of travel. She further argues that because there is no similar public policy protecting the defendant contractor involved here, *Pion* is not controlling. She cites cases from foreign jurisdictions to support her contention that such cases are inapposite. Her reliance, however, is misplaced.

In *Indiana Limestone Co.* v. *Staggs*, 672 N.E.2d 1377, 1379 (Ind. App. 1996), transfer denied, 726 N.E.2d 306 (Ind. 1999), the plaintiff driver was traveling on an icy roadway and lost control of her car. She crossed the center lane, left the roadway and struck an embankment at the corner of a quarry twenty-five feet from the road. Id. The vehicle fell onto the quarry, and the driver was killed. Id. The Indiana Court of Appeals upheld the denial of summary judgment because there was a factual issue as to whether there was a common-law relationship between the plaintiff and the defendant, as an

along that street many times without incident, and it was customary for bicycle riders to ride in the middle of that street rather than off to the side or on the shoulder. Id., 657.

owner and occupier of the land adjacent to the highway on which the quarry was located, as defined in § 368 of the Restatement (Second) of Torts. Id., 1384–85. In *Vosbein* v. *E.T. Simonds Construction Co.*, 295 Ill. App. 3d 427, 428, 693 N.E.2d 500, appeal denied, 179 Ill. 2d 622, 705 N.E.2d 451 (1998), the defendant had stored cement barrier segments in the median of an interstate highway. The Illinois Appellate Court determined that the conduct was prohibited by both federal and state authorities. Id., 432. In *Vosbein*, the appeals court held that there was a duty to the driver because "the likelihood of injury [was] apparent. . . [and] the defendant may reasonably be expected to anticipate the danger of storing construction materials in the median of an interstate highway." Id., 432–33.

In fact, the Illinois courts, on which the plaintiff heavily relies, have adopted § 368 of the Restatement (Second) of Torts and have applied it to circumstances similar to those in the present case. In *Kavanaugh* v. *Midwest Club, Inc.*, 164 Ill. App. 3d 213, 215, 517 N.E.2d 656 (1987), the plaintiff's decedent had an epileptic seizure while driving his vehicle. The vehicle veered off the highway and sank into a nearby retention pond owned by the defendant, resulting in the driver's death. Id. After citing the Restatement, the Illinois Appellate Court determined that "[f]or a duty to attach, the person to whom it is owed must foreseeably deviate from the roadway in the ordinary course of travel. . . . The complaint must allege facts that demonstrate that the condition of the roadway is such that a vehicle is likely to deviate from it in the ordinary course of travel and come in contact with the artificial condition." (Citation omitted.) Id., 218. The appeals court held that driving during an epileptic seizure is not in the ordinary course of travel. Id., 218–19.

Similarly, in *Battisfore* v. *Moraites*, 186 Ill. App. 3d 180, 182–83, 541 N.E.2d 1376 (1989), the decedent was

a passenger in a car that traveled around a clearly marked and illuminated sharp curve at a speed twenty to thirty miles per hour above the posted speed limit before leaving the roadway and colliding with a cement pillar on the adjacent property. The Illinois Appellate Court determined that "[t]he undisputed facts show that the deviation of the vehicle in which [the] plaintiff's decedent was a passenger was not a normal incident of travel and therefore no duty was owed." Id., 189.

In this case, the defendant was not a landowner. Nor was the placement of the dirt mound comparable to the placement of the barrier segments in *Vosbein*. Any duty that the defendant may owe to the decedent is predicated on the vehicle being operated with due care in the ordinary course of travel. The court, therefore, properly relied on our decision in *Pion* in concluding as a matter of law that the decedent was not traveling in the ordinary course of travel and that the defendant owed no duty to the decedent.

## II

The plaintiff next claims that the court improperly imputed the negligence of the truck's driver to the decedent. She further argues in her brief that the court "confused the issues of 'negligence' of the plaintiff and 'duty' of the defendant." We disagree.

Generally, the negligence of the operator of an automobile cannot be imputed to its passenger. See *Silverman* v. *Silverman*, 145 Conn. 663, 668, 145 A.2d 826 (1958). That concept, however, is irrelevant to the present case. In concluding that the defendant owed no duty to the decedent, the court did not impute the negligence of the truck's driver to the decedent. It simply applied the law. Section 368 of the Restatement (Second) of Torts applies to all "travelers," including drivers, passengers, pedestrians and so forth. See 2 Restatement (Second), supra, § 368. A "traveler" is "[a]

person who passes from place to place, for any reason." Black's Law Dictionary (7th Ed. 1999); see generally *Hall* v. *Burns*, 213 Conn. 446, 569 A.2d 10 (1990) (passengers); *White* v. *Burns*, 213 Conn. 307, 567 A.2d 1195 (1990) (drivers); *Janow* v. *Ansonia*, 11 Conn. App. 1, 525 A.2d 966 (1987) (pedestrians). The decedent, herself, was a "traveler" at the time of the accident because she was a passenger in the vehicle. It was unnecessary to impute the negligence of the driver to the decedent before concluding that there was no duty owed.

The court's conclusions are supported by the record and, therefore, the defendant owed no duty to the decedent. Because the defendant owed no duty to the decedent, it was not negligent and the plaintiff cannot recover. The court, therefore, properly granted summary judgment in favor of the defendant.

The judgment is affirmed.

In this opinion the other judges concurred.