[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a negligence case claiming personal injuries which arises out of a fall on an escalator at the Fair Mall in Danbury. The plaintiffs, Marilyn Trefry and Stella Tomczyk, have brought this action against the defendants, Sears, Roebuck Co. (Sears), Montgomery Kone, Inc. (MKI), and Schindler Corporation (Schindler) for alleged negligence in the ownership, management, maintenance and/or control of an escalator in a store owned by Sears in the Danbury Mall.
MKI moves for summary judgment as to the third[1] and fourth counts of the complaint asserting that it was not in possession or control of the subject escalator on the date of the plaintiffs' injuries. MKI argues that it owed no duty to the plaintiffs on the date of their injuries.
The following pertinent facts are alleged in the plaintiffs' complaint. On February 4, 1997, Trefry and Tomczyk were patrons in the Sears store. On that day, Trefry stepped onto the escalator in the store and noticed that Tomczyk, her mother, was about to fall. Trefry attempted to assist her mother and was herself injured in the process. Trefry alleges that she sustained injuries due to MKI's negligence and carelessness in its repair and maintenance of the subject escalator.
MKI filed motion #133 for summary judgment as to the third and fourth counts on the ground that, as a matter of law, any duty MKI owed to Trefry was extinguished on January 31, 1997. This was the date that its service contract with Sears had expired and the accident at issue did not occur for four days thereafter.
Summary judgment shall be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Miles v. Foley,253 Conn. 381, 385, 752 A.2d 503 (2000). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Appleton v. Board of Education,254 Conn. 205, 209, 757 A.2d 1059 (2000). It is noted that "[i]ssues of negligence are ordinarily not susceptible of summary adjudication but CT Page 3664 should be resolved by trial in the ordinary manner." (Internal quotation marks omitted.) Fogarty v. Rashaw, 193 Conn. 442, 446, 476 A.2d 582
(1984).
MKI argues that it was not in possession or control of the escalator on the date of the accident, and it did not owe a duty of care to the plaintiff on the date that she sustained her injuries. MKI contends that it had a maintenance contract with Sears for the inspection and maintenance of the escalators in the Sears store which expired on January 31, 1997. In support of its motion, MKI attached the affidavit of Bruce Silva, service superintendent for MKI, and the master elevator/escalator maintenance agreement between MKI and Sears. MKI argues that because the plaintiff was injured on February 4, 1997, subsequent to the expiration of the contract, MKI owed her no duty and, therefore, summary judgment is warranted.
Trefry argues, however, that possession and control are not central to this case. In the alternative, Trefry contends that there is a genuine issue of material fact as to whether MKI failed to properly maintain the escalator, in which case, the lack of possession or control would not negate MKI's duty nor exculpate MKI from being found negligent.
Preliminarily, the court notes that "[n]egligence occurs where one under a duty to exercise a certain degree of care to avoid injury to others fails to do so." Soares v. George A. Tomasso Construction,66 Conn. App. 466, 470, 784 A.2d 1041 (2001). "The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." RK Constructors, Inc. v. FuscoCorp., 231 Conn. 381, 384, 659 A.2d 153 (1994). The existence of a duty is a question of law, and only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation. Soares v. George A. Tomasso Construction,
supra, 66 Conn. App. 470.
"[T]he test for the existence of a legal duty of care entails (1) a determination of whether an ordinary person in the defendant's position, knowing what the defendant knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result, and (2) a determination, on the basis of a public policy analysis, of whether the defendant's responsibility for its negligent conduct should extend to the particular consequences or particular plaintiff in the case. . . . The first part of the test invokes the question of foreseeability, and the second part invokes the question of policy." Gazov. City of Stamford, 255 Conn. 245, 250-51, 765 A.2d 505 (2001). The general rule regarding negligence requires the use of reasonable care not to cause injury to those whom a person reasonably could foresee might be CT Page 3665 injured by the person's negligent conduct. Id.
In this case, there is a question as to whether MKI exercised reasonable care in the maintenance and repair of the escalator. In the evidence provided by both parties, there is an assertion that MKI conducted maintenance on the escalator two weeks prior to the date of the plaintiff's injuries. Specifically, in Silva's affidavit, he states in relevant part that "MKI responded to a `call back' request from Sears on January 20, 1997 to provide maintenance to the . . . escalator in question. Sears indicated that the handrail to the . . . escalator was slipping. `Slippage' is a condition that can occur on some types of escalators where the handrail moves at a rate different from the steps. If the handrail slips, such a condition could mean that the steps will advance forward of the handrail in the same location."
Applying the legal duty analysis to this case, it appears that MKI assumed the responsibility of repairing the escalator. This court finds that the escalator in the Danbury Fair Mall is a publicly utilized escalator, and that Trefry, as a member of the public, was a foreseeable user of the escalator. Thus, the first part of the Gazo test is satisfied. The remaining question, under Gazo, is whether as a matter of public policy, MKI's liability should extend to Trefry. The statements in Silva's affidavit create an issue as to whether MKI owed Trefry a duty and, if such a duty exists, whether MKI breached that duty in its maintenance of the escalator. In such a case, summary judgment cannot be granted as a matter of law.
Accordingly, this court finds that there is a genuine issue of fact and the motion for summary judgment is denied.
So Ordered.
Dated at Stamford, Connecticut, this 28th day of March, 2002.
_______________________________ William B. Lewis, Judge T.R.