[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiff bank customer has brought suit against his bank as the result of his having been arrested for bank robbery minutes after he had been in the bank where he had actually made a deposit. At the same time, the bank had been robbed by another man, who remains at large. The cause of action, in four counts, not specifically labeled, appears to sound in false imprisonment, slander, negligence and gross negligence or recklessness, all stemming from information which was, depending upon the opposing parties' differing points of view, given to or wrongly pressed upon the responding police officers by bank employees. The police department has not been sued. The bank seeks summary judgment on all counts.
The following facts are undisputed. On November 26, 1994, the Derby Savings Bank was robbed and immediately thereafter, bank employees called the Derby police department. The police arrived and spoke to bank employees, Nina Markos, Sandra Gill, Diane Ellis, and also a bank customer. Gill, the teller actually robbed, gave the police a physical description of the bank robber including a description of his clothing. Markos, the teller stationed next to Gill, gave the police the license plate number and description of a departing vehicle that she thought might have been involved in the robbery. After collecting statements, the police began looking for the apparent perpetrator, found that he was not at home and soon stopped him on the highway. Plaintiff was then arrested and brought back to the bank. Plaintiff had been at the bank near the time of the robbery; however, as noted, he had neither committed nor conspired to commit the robbery. Rather, he was making a deposit. The bank employees and a customer were asked to identify the arrested suspect and plaintiff was determined not to be the robber and was released. (One employee, Ms. Ellis, did identify plaintiff as the robber when he was returned, in custody, to the bank.). The bank seeks summary judgment. Oral arguments were heard on August 20, 2001, and October 9, 2001.
"The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.)Rivera v. Double A Transportation, Inc., 248 Conn. 21, 24, 727 A.2d 204
CT Page 5322 (1999).
 A Counts One and Four: False Imprisonment and Gross Negligence/Recklessness:
In the first count, the plaintiff alleges that the bank intentionally provided false information to the Derby police department in an attempt to have the plaintiff falsely imprisoned. In the fourth count, the plaintiff alleges that the bank was grossly negligent, reckless and indifferent and that it was the bank's conscious disregard of a substantial and unjustifiable risk of harm that caused the plaintiff's false arrest. For the purposes of this motion for summary judgment, this court is able to consider both counts one and four using the same analysis. Count one alleges that the defendant's employees' mental state was intentional and count four alleges that the defendant's employees' mental state was reckless.
The bank relies on the notarized statements of two bank employees, Sandra Gill and Nina Markos, and also the deposition testimony of the plaintiff and Officer Richard Lucarelli to support its argument that there is no issue of fact regarding its employees' intentions. The bank argues the evidence supports its position that the information given to the police by Gill, the teller who was robbed, was but was a benign description of the height, weight and approximate age of the robber. Further, Markos, who gave the description and registration of the plaintiff's car, is urged not to have intentionally implicated the plaintiff; rather, it says, she simply gave the police information regarding a jeep driven by a white male leaving the parking lot around the time of the robbery.
The plaintiff contends that it was the bank employees' persistent pressure on the police that resulted in the plaintiff's harm, and notes that "defendant's theory in this instance turns upon the characterization of the action of the employees, namely that they merely provided the police with information regarding the robbery. Using this as a foundation, it then proceeds to present a scenario wherein the police, seemingly on their own volition, seize and arrest the plaintiff. This version though, is incorrect and conveys a slanted picture of the actual events." (Plaintiff's Memorandum, p. 4.) The plaintiff has attached to his memorandum in opposition the deposition testimony of Officers Lucarelli and Philip A. Landona as evidence of the bank's intent to harm the plaintiff. "The second person I spoke to, who was Markos, stated that she observed the individual, the description that Gill had given me, enter the jeep and leave", quoting Lucarelli's deposition. Plaintiff's first CT Page 5323 brief sets out four rather equivocal or tenuous recitations by Lucarelli which could be read, loosely, to say that Markos equated the departing Jeep operator with the man who robbed the bank. The plaintiff argues that Officer Lucarelli's testimony evidences the allegations that the bank's employees acted recklessly and/or intentionally. This is, to be sure, an ostensibly gossamer-like comeback, but when placed in an arena of intention or motive, it is enough.
The issue of whether the bank's employees acted with malice, bad faith, or recklessness is an issue involving credibility which should not be resolved by summary judgment. See Suarez v. Dickmont Plastics Corp.,229 Conn. 99, 107, 639 A.2d 507 (1994). "[S]ummary judgment is ordinarily inappropriate where an individual's intent and state of mind are implicated." (Internal quotation marks omitted.) Reynolds v. ChryslerFirst Commercial Corp., 40 Conn. App. 725, 731, 673 A.2d 575, cert. denied, 237 Conn. 913, 675 A.2d 885 (1996). "Summary judgment should not be used in cases . . . that concern . . . questions of inference as to motive or intent or in ones that involve subjective feelings and reactions." (Citations omitted.) Gould v. Mellick Sexton,66 Conn. App. 542, 556, 785 A.2d 265 (2001). Because summary judgment is inappropriate on issues of intent and motive and also because of the possible factual discrepancy between the evidence proffers, flimsy though it may be, summary judgment is denied.
 B Count Two: Negligence
In the second count, the plaintiff alleges that the bank was negligent in the way it carried out its regular course of business. He claims the bank agents insisted, demanded and pressured the police to arrest him, thus creating a duty upon themselves to use reasonable care to ascertain the true facts.[1]
"[T]here may be a duty on the part of a citizen to use reasonable care to ascertain the true facts when he insists upon, demands or pressures the police to make an arrest." LaFontaine v. Family Drug Stores, Inc.,33 Conn. Sup. 66, 75, 360 A.2d 899 (1976). "The principle is expressed in the Restatement, 3 Torts § 653, comment g, as follows: Where a private person gives to a prosecuting officer information which he believes to be true, and the officer in the exercise of his uncontrolled discretion initiates criminal proceedings based upon that information, the informer is not liable under the rule stated in this Section even though the information proves to be false and his belief therein was one which a reasonable man would not entertain." (Internal quotation marks omitted.) Id., 76. The apparent resulting rule is that a duty or care CT Page 5324 does exist when a citizen insists, demands or pressures the police to arrest. Conversely, a citizen may not be so duty-bound when he merely gives information that prompts police action.
"[T]he essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury. . . . The existence of a duty is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant [breached] that duty in the particular situation at hand. . . . If a court determines, as a matter of law, that a defendant owes no duty to a plaintiff, the plaintiff cannot recover in negligence from the defendant." (Citations omitted; internal quotation marks omitted.) Gomes v. Commercial Union Ins. Co.,258 Conn. 603, 614-15, 783 A.2d 462 (2001).
Here, the evidence provided by the plaintiff and the bank are largely the same, with each party drawing a very different conclusion. The ultimate question is whether the bank employees dispassionately gave information to the police or whether they knowingly gave false or negligently/recklessly stitched together erroneous information, and/or insisted that the police pursue and arrest the innocent plaintiff.
The existence of a duty is generally a question of law that is subject to summary judgment. Soares v. George A. Tomasso Construction Corp.,66 Conn. App. 466, 469 n. 2, 784 A.2d 1041 (2001). (Emphasis added.) Here, however, when the question of duty includes elements of both fact and law, summary judgment is inappropriate. Raboin v. North AmericanIndustries, Inc., 57 Conn. App. 535, 538, 749 A.2d 89 (2000). That is to say, the existence of the duty or its absence often hinges on what the facts are, and if in dispute, a summary judgment decision ought not rest on the unsettled foundation. For example, in Goodfield v. Plymouth,
Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 486389 (January 22, 2001, Kocay, J.), the court denied the defendant's motion for summary judgment because the defendant's contractual duty to clear snow and ice from the parking lot upon two inches of accumulation depended on the disputed factual question of whether two inches of snow had fallen.
Similarly, the present case requires a determination of whether there was insistence, a determination loaded with nuance and requiring conclusions from a trier of fact. This case is further complicated as both parties rely on similar and sometimes the same evidence to develop different conclusions. Overall, the majority of the evidence offered deals with different interpretations of the same or similar utterances. Where there are material issues surrounding the conversations between the employees and the police and summary judgment ought not be granted when CT Page 5325 the parties' interpretations are so different; and where those factual determinations are further needed to illuminate the existence of a duty of care, this is especially so.
 C Count Three: Slander
Count three, the remaining count, sounds in slander. "Defamation is comprised of the torts of libel and slander. Defamation is that which tends to injure reputation in the popular sense; to diminish the esteem, respect, goodwill or confidence in which the plaintiff is held, or to excite adverse, derogatory, or unpleasant feelings or opinions against him. . . . Slander is oral defamation. This court has delineated specific categories of speech deemed actionable per se where the defamatory meaning of [the speech] is apparent on the face of the statement. . . .It is a well established principle that an accusation of theft is slanderper se." (Citations omitted; emphasis added; internal quotation marks omitted.) DeVito v. Schwartz, 66 Conn. App. 228, 234, 784 A.2d 376
(2001). "When the defamatory words are actionable per se, the law conclusively presumes the existence of injury to the plaintiff's reputation." (Internal quotation marks omitted.) Id., 234-35. Our common law holds an accusation of theft to be actionable slander per se, therefore, a false accusation of bank robbery is also actionable slander per se.
The bank contends that it is immune from liability for slander against the plaintiff because of a qualified privilege granted to members of the public rendering aid to the police. "A qualified or conditional privilege arises out of an `occasion,' such as, when one acts in the bona fide discharge of a public or private duty. . . . Privilege is an affirmative defense in a defamation action and must, therefore, be specifically pleaded by the defendant. . . . It is for the court to determine, as a matter of law, whether the defendant made the defamatory statements while acting on an occasion of privilege, as in the bona fide discharge of a public or private duty. . . . It is a question of fact for a court or a jury, however, to determine whether the defendant has abused a conditional privilege. . . . A conditional or qualified privilege may be abused or lost if the defendant published or broadcast the defamatory remarks with malice, improper motive, or bad faith. . . . Therefore, a conditional privilege may be recognized only where the statement is made in good faith, without malice, in an honest belief in the truth of the statement, and in discharge of a public or private duty. . . ." (Citations omitted.) Miles v. Perry, 11 Conn. App. 584, 594 n. 8,529 A.2d 199 (1987). "Although a qualified privilege insulates many defamatory statements and shields many defendants from liability, the CT Page 5326 privilege does not protect a defendant who makes statements that are both defamatory and malicious." Gaudio v. Griffin Health Services Corp.,249 Conn. 523, 545, 733 A.2d 197 (1999). The bank has pleaded that its efforts to help the police catch the bank robber were made in good faith. Further, the bank has specifically pleaded the qualified privilege as a special defense.
"It is a question of fact for a court or a jury, however, to determine whether the defendant has abused a conditional privilege. . . . A conditional or qualified privilege may be abused or lost if the defendant published or broadcast the defamatory remarks with malice, improper motive, or bad faith. . . ." (Citations omitted.) Miles v. Perry, supra,11 Conn. App. 594 n. 8. Therefore, the remaining question of whether the bank abused its privilege is a question of fact that cannot be resolved by summary judgment.
All in all, one must take care to distinguish a case with a somewhat implausible set of premises from one where summary judgment should lie.
Summary judgment is denied on all counts.
Nadeau, J.