## SYLBERT RAMSAY *v.* CAMRAC, INC., ET AL.
### (AC 21982)

Schaller, Dranginis and Hennessy, Js.

Submitted on briefs—officially released July 30, 2002

*Zbigniew S. Rozbicki* filed a brief for the appellant (plaintiff).

*Stephanie P. Tibbetts* filed a brief for the appellee (named defendant).

*Opinion*

SCHALLER, J. The plaintiff, Sylbert Ramsay, appeals from the judgment of the trial court rendered in favor of the defendant Camrac, Inc.,[1] following the granting of the defendant's motion for summary judgment. On appeal, the dispositive issue is whether the court improperly granted the defendant's motion for summary judgment.[2]

The following facts and procedural history are relevant to our disposition of the plaintiff's appeal. The defendant leased a car to Margie Allen on July 26, 1999. On the morning of August 5, 1999, Allen drove the car to her sister's residence at 9 Harris Circle in Waterbury, where she parked the car on the street. Leaving the keys in the ignition and the engine running, Allen ran inside to her sister's apartment. The passenger, Marvie Brye, remained with the car while Allen ran inside to the apartment. Brye got out of the vehicle to smoke a cigarette and, while he was standing nearby, Vance Wright got into the car and drove off. Wright led the police on a high speed chase that ended when he ran the rental car into the parked car of the plaintiff. The plaintiff thereafter brought this action against several defendants, including Camrac, Inc., in its capacity as

---

[1] The plaintiff also named as defendants Enterprise Rent A Car, Vance Wright and Marvie Brye. Thereafter, the court granted the plaintiff's motion to substitute Margie Allen as a party defendant in place of Brye. Because the court rendered judgment only as to Camrac, Inc., we refer in this opinion to Camrac, Inc., as the defendant.

[2] The plaintiff's statement of issues contains two claims. The first issue is whether the court improperly granted the defendant's motion for summary judgment. The second issue is whether the entry of summary judgment deprived the plaintiff of due process of law and equal protection of the law. Because we find in favor of the plaintiff on his first issue, we need not address the second issue. Additionally, we note that the plaintiff has failed to brief the second issue beyond including it in the statement of issues.

the lessor of the automobile that collided with his car on August 5, 1999.

The plaintiff's action against the defendant was brought pursuant to General Statutes § 14-154a.[3] After conducting discovery, the plaintiff determined that Allen, as opposed to Brye, was driving the car on the date of the alleged theft and accident. As a result, the plaintiff filed an amended complaint, which contained the allegation presently at issue. Specifically, the amended complaint alleged, in paragraph four, that "[t]he defendant Margie Allen was operating the described vehicle on August 5, 1999 . . . and negligently left the car on the street with the engine running and the keys in the ignition." The amended complaint also alleged, in paragraph seven, that "[t]he plaintiff's injuries and economic losses . . . were directly and substantially caused by . . . Allen's negligence in one or more of the following respects: a. She left the described vehicle with the keys in the ignition, out of her sight, running, open and unattended in a crime-infested area of Waterbury . . . ."

The defendant filed a motion for summary judgment, claiming that it could not be held liable to the plaintiff as a matter of law because the rental car was operated by an unauthorized driver at the time the plaintiff was injured. The court granted the defendant's motion, basing its decision on the undisputed fact that Wright was the unauthorized driver of the rental vehicle at the time it caused the plaintiff's injuries. The court's order stated: "It is undisputed that Margie Allen, the authorized driver under the rental agreement, was not driving the vehicle at the time of accident, and that the actual

---

[3] General Statutes § 14-154a provides: "Any person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner."

driver, Vance Wright, was not an authorized operator. *Pedevillano* v. *Bryon*, 231 Conn. 265 [648 A.2d 873 (1994)]." This appeal followed.

On appeal, the plaintiff claims that the court improperly granted the defendant's motion for summary judgment. The plaintiff challenges both the court's factual and legal conclusions.[4] The plaintiff argues that the court's decision on the motion for summary judgment was improper as a matter of law for two reasons. First, the plaintiff argues that the decision was improper because the court ignored the negligence allegation and concluded that summary judgment should be granted because Allen was not driving the car at the time of the accident. The plaintiff also asserts, apparently in the alternative, that to the extent the court did contemplate the negligence allegation, its decision was improper because the court did not consider the appropriate law in reaching its legal conclusion. The plaintiff contends that instead of applying law applicable to the negligence allegation, the court improperly relied on and applied *Pedevillano* v. *Bryon*, supra, 231 Conn. 265. We agree with the plaintiff.

---

[4] Although the plaintiff raises factual and legal challenges, we will not address the factual issues because it appears from the parties' briefs that no issue of material fact exists in this case. Specifically, the plaintiff himself notes that the defendant did not contest the facts alleged in the complaint as to Allen's conduct. Although that is ambiguous because the plaintiff's amended complaint, as opposed to the original complaint, contained the allegation in question, the record does not indicate that the defendant filed an answer to the amended pleading. Moreover, the plaintiff also states in his brief that the defendant did not file a motion to strike or to attack the negligence claim against Allen on the basis of the facts contained in paragraph seven. That unquestionably relates to the amended complaint. Additionally, the defendant notes in its brief that both Allen and Brye testified about Allen's conduct. The testimony the defendant notes is substantially the same as that on which the plaintiff relies. We construe that portion of the defendant's brief to indicate further that the factual history of this case was not contested. On the basis of the foregoing and without more, we cannot conclude that any issues of material fact exist in this case.

We first set forth the appropriate standard of review. "Our standard of review of a trial court's decision to grant a motion for summary judgment is well established. Practice Book § 17-49 provides in relevant part that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts. . . . On appeal, [w]e must decide whether the trial court erred in determining that there was no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . Because the trial court rendered judgment for the [defendant] as a matter of law, our review is plenary and we must determine whether the legal conclusions reached by the trial court are legally and logically correct and whether they find support in the facts set out in the memorandum of decision of the trial court." (Internal quotation marks omitted.) *Soares* v. *George A. Tomasso Construction Corp.*, 66 Conn. App. 466, 468–69, 784 A.2d 1041 (2001).

The plaintiff argues that the court's decision on the motion for summary judgment was improper as a matter of law because the court either ignored the negligence allegation and concluded only that summary judgment should be granted because Allen was not driving the car at the time of the accident, or because the court did not consider the appropriate law in reaching its legal conclusion, but instead improperly relied on *Pedevillano* v. *Bryon*, supra, 231 Conn. 265.[5] At the outset,

---

[5] Because we conclude that the court improperly applied *Pedevillano* and reverse the judgment, we need not address the plaintiff's other contention that the court ignored the negligence allegation.

we note that to determine whether the defendant was entitled to judgment as a matter of law on the basis of *Pedevillano*, we must first clarify the allegation set out in the plaintiff's amended complaint.

The allegation of negligence specifically addressed Allen's conduct *during the period of time up to and immediately preceeding* the alleged theft of the vehicle. The allegation also specifically addressed Allen's conduct during that period in her capacity *as the actual driver, lessee and authorized operator of the vehicle.* In particular, paragraph seven of the amended complaint alleged that Allen negligently operated the vehicle when "[s]he left the . . . vehicle with the keys in the ignition, out of her sight, running, open and unattended in a crime-infested area of Waterbury . . . ."

With a clear understanding of the allegation of negligence before us, we conclude that the court improperly decided that the defendant was entitled to judgment as a matter of law on the basis of *Pedevillano*. We note, as a preliminary matter, that it is clear that the court relied on *Pedevillano* in reaching the decision to grant the defendant's motion for summary judgment. The court's order stated: "It is undisputed that Margie Allen, the authorized driver under the rental agreement, was not driving the vehicle at the time of accident, and that the actual driver, Vance Wright, was not an authorized operator. *Pedevillano* v. *Bryon*, [supra] 231 Conn. 265." As *Pedevillano* is the only legal citation offered, it is evident that the court determined that *Pedevillano* controlled the present case and relied on it to conclude that the defendant could not be liable to the plaintiff.

Our reading of *Pedevillano*, however, leads us to conclude that it is not applicable to the plaintiff's allegation of negligence. The issue in *Pedevillano*, clearly set forth by our Supreme Court, was "whether General Statutes § 14-154a imposes liability on the lessor of a motor

vehicle for the tortious operation of that motor vehicle *by a person who is not an 'authorized driver'* within the terms of the lease agreement." (Emphasis added.) *Pedevillano* v. *Bryon,* supra, 231 Conn. 266. That is not the issue raised by the plaintiff's allegation in the amended complaint in this case. To the contrary, the allegation in the present case alleges tortious operation of the rented vehicle *by a person who was the authorized operator.*

Moreover, while both *Pedevillano* and the present case involve factual scenarios in which a party other than the authorized operator was driving the vehicle at the time of the accident, there was no claim in *Pedevillano,* as there is in the present case, that the lessee negligently operated the vehicle in his capacity as the authorized operator. Therefore, *Pedevillano* does not control the plaintiff's claim in this case because the allegation here addressed Allen's negligent conduct as the authorized operator of the vehicle during the period of time immediately preceeding the alleged theft of the vehicle.

Despite the specific nature of the allegation in the present case, the court focused on who was driving the vehicle at the time of the accident and granted the motion for summary judgment on the basis of *Pedevillano* because it was undisputed that Wright was an unauthorized driver of the rental vehicle at the time it caused the plaintiff's injuries. The allegation at issue, however, did not concern or address who was driving the vehicle at the time of the accident. It therefore was improper for the court to focus on that aspect of the case in light of the allegation in the amended complaint and to apply case law that was not applicable to that allegation. We conclude that *Pedevillano* is not applicable in the present case and that because the court relied on *Pedevillano,* it improperly granted the defendant's motion for summary judgment as a matter of law. As

a result, the court's decision was not legally and logically correct.[6]

As our Supreme Court stated in *Pedevillano*, "[w]e have consistently construed the statute as imposing on one who rents or leases a motor vehicle to another the same liability as that of its operator, provided the vehicle, at the time in question, is being operated by one *in lawful possession of it pursuant to the terms of the contract of rental*." (Emphasis in original; internal quotation marks omitted.) Id., 268. The allegation in the present case asserts negligent conduct at such time.

The judgment is reversed and the case is remanded with direction to deny the defendant's motion for summary judgment and for further proceedings in accordance with law.

In this opinion the other judges concurred.

---

[6] We note that while we conclude that it was improper for the court to rely on *Pedevillano* in granting the motion for summary judgment, we express no opinion as to the plaintiff's claim under General Statutes § 14-154a.