[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
In this personal injury action the defendants seek summary judgment asserting that there are no issues of material fact and that judgment should enter in their favor as a matter of law. Memoranda of law and supporting documents were submitted by both sides and this court heard oral argument on November 18, 2002.
Facts
On April 25, 1998, at approximately 6:49 p. m., the plaintiffs decedent, Colmore Lewis, was driving a motorcycle south on East Main Street in Bridgeport, Connecticut, at a rate of speed between 70 and 100 mph.[1] The decedent crossed the solid yellow center line into the northbound lane, passed two other vehicles, then failed to negotiate a right hand curve. His motorcycle skidded across the northbound lane and entered property on the east side of the road, known as 3130 East Main Street, where it collided with a concrete pillar. Colmore Lewis died from his injuries.
The defendant, Cody Martinez, owned, possessed and controlled the property at 3130 East Main Street.[2] Originally, there were four concrete pillars located on the premises; however, three of them had been upended by vehicles which had failed to negotiate the curve in front of the property. The curve in front of the Cody home was the site of numerous motor vehicle accidents and the subject of complaints by neighbors to the City of Bridgeport, which reduced the speed limit from 40 to 35 mph in 1995.
Standard
Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and CT Page 15654 that the moving party is entitled to judgment as a matter of law.Connecticut Bank Trust Co. v. Carriage Lane Associates,219 Conn. 772, 780-81, 595 A.2d 334 (1991); Lees v. Middlesex Ins. Co.,219 Conn. 644, 650, 594 A.2d 952 (1991). Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact; D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434,429 A.2d 908 (1980); a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact, together with the evidence disclosing the existence of such an issue. Practice Book §§ 17-45, 17-46; Burns v. Hanford Hospital,192 Conn. 451, 455, 472 A.2d 1257 (1984). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Town Bank Trust Co. v.Benson, 176 Conn. 304, 309, 407 A.2d 971
(1978); Strada v. Connecticut Newspapers, Inc., 193 Conn. 313,317, 477 A.2d 1005 (1984). The test is whether a party would be entitled to a directed verdict on the same facts. Batick v.Seymour, 186 Conn. 632, 647, 443 A.2d 471 (1982); New Milford SavingsBank v. Roina, 38 Conn. App. 240, 243-44, 659 A.2d 1226 (1995). The issue of whether a defendant owes a duty of care is an appropriate matter for summary judgment because the question is one of law. Pion v. Southern NewEngland Tel., 44 Conn. App. 657, 660, 691 A.2d 1107 (1997).
Discussion
The gravamen of the defendants' argument is that they owed no duty of care to the decedent, who was using the highway in an unreasonable and unsafe manner. Section 368 of the Restatement (Second) of Torts states:
Conditions Dangerous to Travelers on Adjacent Highway
 A possessor of land who creates or permits to remain thereon an excavation or other artificial condition so near an existing highway that he realizes or should realize that it involves an unreasonable risk to others accidentally brought into contact with such condition while traveling with reasonable care upon the highway, is subject to liability for physical harm thereby caused to persons who
(a) are traveling on the highway; or
 (b) foreseeably deviate from it in the ordinary course of travel.
CT Page 15655 The defendants assert that the decedent's conduct on the highway was so unreasonable, the defendants owed no duty of care towards him. The plaintiff counters that, given the number of prior accidents involving the cement pillars and the generally unsafe character of the road, the decedent's collision was foreseeable, thereby creating a duty on the part of the defendants towards the decedent.
Both parties cite Pion v. Southern New England Telephone, supra,44 Conn. App. 657, in support of their respective positions. The plaintiff in Pion veered off to the right side of the road while riding his bicycle and struck a utility box owned by the defendant. The Appellate Court upheld the trial court's determination that as a matter of law, the defendant owed no duty to the plaintiff because the plaintiffs deviation from the road was not in the ordinary course of travel. The plaintiff in this case emphasizes the foreseeability of a vehicle striking the cement pillar given the numerous prior collisions on that site. Foreseeability of the possibility of such an accident, however, does not necessarily create a duty.
 "A simple conclusion that the harm to the plaintiff was foreseeable . . . cannot by itself mandate a determination that a legal duty exists. Many harms are quite literally `foreseeable,' yet for pragmatic reasons, no recovery is allowed. . . . A further inquiry must be made, for we recognize that "duty' is not sacrosanct in itself, but is only an expression of the sum total of those considerations of policy which lead the law to say that the plaintiff is entitled to protection. . . . While it may seem that there should be a remedy for every wrong, this is an ideal limited perforce by the realities of this world. Every injury has ramifying consequences, like the ripplings of the waters, without end. The problem for the law is to limit the legal consequences of wrongs to a controllable. . . . The final step in the duty inquiry, then, is to make a determination of the fundamental policy of the law, as to whether the defendant's responsibility should extend to such results." (Internal quotation marks omitted.) Pion v. Southern New England Tel., supra, 44 Conn. App. 661; citing Clohessy v. Bachelor, 237 Conn. 31, 45, 675 A.2d 852 (1996),
In this instance, the decedent egregiously deviated from the normal course of travel. While proceeding at an extreme rate of speed, he CT Page 15656 crossed a solid yellow line to pass other cars and lost control of his motorcycle. Because any duty the defendants may owe is predicated on the decedent's vehicle being operated with due care in the ordinary course of travel, the defendants cannot, as a matter of law, be held liable in this instance. See: Soares v. George Tomasso Construction, 66 Conn. App. 466,474, 784 A.2d 1041 (2001). Moreover, for policy considerations, the defendant's responsibility should not extend to this result.
For the above reasons, the defendants' motion for summary judgment is granted.
By The Court,
 ___________________ WOLVEN, JUDGE