[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
Plaintiff Sharon Wall brought this complaint for return of her security deposit from her former residence at 28 Gray Street, Hartford, Connecticut ("premises"). The Plaintiff moved into the premises on or about November 1, 1996. When she moved in to the premises she provided her landlord, Nicholas Morizio, a security deposit of $800.00. On or about September 2001, the Defendant, Frederick Brown, became the new owner/landlord of the property. At the time of the closing, Nicholas Morizio did not transfer the Plaintiff's security deposit, nor any statutory interest accrued, to the Defendant Frederick Brown. The Plaintiff vacated the premises on or about December 2001. On February 19, 2002, the Plaintiff's attorney sent a letter to the Defendant demanding return of her security deposit and statutory interest. This letter was sent pursuant to Conn. Gen. Stat. § 47a-21 (d). On March 25, 2002, the Defendant's attorney responded to Plaintiff's counsel with a letter stating that her security was not being returned because the Defendant had not received any security deposit funds from her prior landlord at the time of closing on the premises. The Plaintiff commenced this action claiming return of the security deposit, statutory interest, double damages due to defendant's noncompliance with Conn. Gen. Stat. § 47a-21 (d) (2), violation of the Connecticut Unfair Trade Practices Act (CUTPA), punitive damages, and attorneys fees. What is before the court is Plaintiff's Motion for Summary Judgment, which alleges that there are no material issues of fact in dispute and that Ms. Wall is entitled to judgment as a matter of law on all counts.
Plaintiff's Motion for Summary Judgment is granted in part and denied in part. Practice Book § 17-49 sets the standard of review regarding a motion for summary judgment: "[t]he judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "In deciding a motion for summary judgment, the trial court must view the evidence in the light CT Page 3407 most favorable to the nonmoving party . . . The test is whether a party would be entitled to a directed verdict on the same facts." Ramsay v.Camrac, Inc., 71 Conn. App. 314, 318 (2002).
The following facts were not disputed: The Plaintiff vacated the premises in December 2001, and that she requested that the Defendant return her security deposit and statutory interest via letter from her counsel on February 19, 2002. Defendant did not provide a response to Plaintiff's demand until March 25, 2002.
Conn. Gen. Stat. § 47a-21 (d) governs the parties' responsibilities regarding the return of a security deposit:
(1). . . the person who is the landlord at the time a tenancy is terminated, . . . shall pay to the tenant or former tenant: (A) The amount of any security deposit that was deposited by the tenant with the person who was the landlord at the time such security deposit was deposited less the value of any damages which any person who was a landlord of such premises at any time during the tenancy of such tenant has suffered as a result of such tenant's failure to comply with such tenant's obligations: and (B) and accrued interest due . . .
In order to trigger the landlord's obligation to return the security deposit, the tenant must provide his or her forwarding address to the landlord. The landlord must return the security deposit and interest, or the balance of the deposit and interest minus damages together with a written statement itemizing the nature and amount of the damages. The Landlord has thirty days from the time the tenant vacates the premises and gives his or her forwarding address to account for the security deposit. Conn. Gen. Stat. § 47a-21 (d) (2) (2003). Should the tenant not provide the forwarding address upon vacating, the Landlord's obligation does not ripen until such notice is provided, and the landlord will then have fifteen days to comply or thirty days from the time the tenant vacated the premises, whichever is later. Conn. Gen. Stat. §47a-21 (d) (4). Pursuant to Conn. Gen. Stat. § 47a-21 (e): "[a] successor . . . to a landlord's interest in residential real property shall be liable for the claims of tenants of such property for return of any part of such security deposit which is or becomes due during the time such successor is a landlord." "Any such landlord that violates any provision of this subsection shall be liable for twice the amount or value of the security deposit paid by such tenant." Conn. Gen. Stat. § 47a-21
(d) (2).
The Plaintiff sent the Defendant written notice of her forwarding notice on February 19, 2002, which was approximately one month after she CT Page 3408 vacated the premises. Pursuant to Conn. Gen. Stat. § 47a-21 (d) (4), the Defendant had fifteen days to account for the security deposit and accrued statutory interest. The Defendant did not provide any response until March 25, 2002, which was over 30 days after receiving notice from the Plaintiff. Consequently, the doubling provision of Conn. Gen. Stat. § 47a-21 (d) (2) applies and the defendant is liable for double the security deposit and any accrued interest. Due to the late nature of the Defendant's response, the doubling provision automatically applies, it is not necessary for the court to determine if the defendant's response notice complied with the statute as a sufficient "written statement."
The Defendant might have been entitled to an offset for damages suffered because of the Plaintiff, but he did not enumerate any in his answer, nor did he file a counterclaim. Instead, the Defendant simply alleged that he was not responsible for return of the security deposit because he never received it from the prior landlord Nicholas Morizio. The statute does not provide an exception for a successor in interest who does not receive a security deposit from the previous landlord. The statute puts the burden on the successor in interest to inquire with the previous landlord as to status of any security deposits that any tenants may have posted. Should a successor in interest become liable for a return of a security deposit never personally received, he would have a cause of action against the previous landlord.
The Plaintiff is entitled to return of her security deposit of $800.00 and statutory interest (November 1996, through March 10, 2003) totaling $116.80. The Plaintiff is entitled to double damages under Conn. Gen. Stat. § 47a-21 (d) (2) bringing the total judgment to $1,833.60. This Judgment shall be paid in full to Plaintiff's attorney by March 31, 2003. Reasonable costs may be taxed by the Clerk after submission of a Bill of Costs by Plaintiff's counsel.
With regard to Plaintiff's Second Count which claims a violation of the Connecticut Unfair Trade Practices Act, Plaintiff's Motion for Summary Judgment is denied. In viewing the facts in a light most favorable to the Defendant, there is uncertainty as to whether the Defendant engaged in unfair or deceptive acts in the conduct of trade or commence necessary to violate CUTPA. While it is clearly evident that the Defendant failed to comply with Conn. Gen. Stat. § 47a-21, after an initial review of the facts, it appears the Defendant's actions were based on an incorrect reading of the statute rather than unfair or deceptive acts violative of the public policy concerns codified in Conn. Gen. Stat. § 42-110a etseq.
 BY THE COURT Angelo L. dos Santos, Judge
CT Page 3409
[EDITORS' NOTE: This page is blank.] CT Page 3410