[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before this court is the plaintiff's motion for summary judgment and the defendant's objection to the motion. The issues presented require this court to determine whether the court should grant the plaintiff's motion for summary judgment as to its complaint and special defenses thereto against the defendant and as to each and every count of the defendant's counterclaim. For the reasons specified below, this court denies the motion as to the plaintiff's complaint for breach of contract and unjust enrichment, the special defenses thereto and as to counts one, two, three, four and seven of the defendant's counterclaim because the plaintiff has not met its burden of demonstrating the absence of genuine issues of material fact. The court grants the motion as to count five of the defendant's counterclaim.
 FACTS
On or about February 2, 1993, the defendant, F. Woodward Lewis, Jr., P.C., contracted with the plaintiff, Southern New England Telephone Company, for the purchase of yellow pages advertising. On January 26, 1998, the plaintiff filed a two-count complaint against the defendant alleging unjust enrichment by the defendant for services provided and seeking collection of funds allegedly due and owing for those services. On March 19, 1998, the defendant filed an answer and a three-count counterclaim alleging breach of contract, breach of the duty of care, and breach of warranty. The plaintiff filed an answer and special defenses to the defendant's counterclaim on April 28, 1998. In the first special defense, the plaintiff alleges that any liability of the plaintiff is limited by the terms and conditions of the contract between the plaintiff and the defendant. The second special defense alleges that any liability of the plaintiff, to the extent it might exist, is limited to the liability set forth in its applicable tariffs on file with the department of public utility control with the state of Connecticut.
On April 20, 1999, the defendant filed an amended answer, special CT Page 2578-bx defenses and counterclaim, expanding the counterclaim to five counts, including a common-law duty to provide reasonably sufficient telephone service and a claim alleging unfair and deceptive acts in the business of selling telecommunications in violation of the Connecticut Unfair Trade Practices Act. In the first special defense, the defendant alleges that the plaintiff violated its contractual duty to provide services that the defendant paid for. The second special defense alleges that the defendant is entitled to full restitution for the money expended for the plaintiff's services.
On April 28, 1999, the plaintiff filed a reply to the defendant's special defenses, denying each and every allegation set forth. On July 19, 1999, the defendant filed a second amended answer, special defenses and counterclaim, enlarging the counterclaim to seven counts, which also included invasion of privacy under the criminal and civil statutes. The defendant also adds a third special defense alleging that pursuant to47 U.S.C. § 415 (a), the applicable statute of limitations for the plaintiff to recover its charges for the yellow pages advertising has run. On August 30, 1999, the defendant filed a court-ordered third amended answer, special defenses and counterclaim. On September 15, 1999, the plaintiff filed an answer and special defenses to the defendant's third amended counterclaim, adding a third special defense alleging that all of defendant's counterclaims are barred, at least in part, by the statute of limitation set forth in General Statutes §§52-577, 52-581 and 52-584.
On December 28, 2001, the plaintiff filed a motion for summary judgment as to its complaint against the defendant and the defendant's special defense thereto and each and every count of the defendant's counterclaim, along with a memorandum of law in support of its motion. The plaintiff filed a certificate of closed pleadings on March 20, 2002. On June 19, 2002, the defendant filed an objection to the plaintiff's motion for summary judgment accompanied by a memorandum in opposition to the motion. The plaintiff's reply brief was filed on July 2, 2002, and the defendant's response was filed on July 18, 2002.
 DISCUSSION
"The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989). "[A] motion for summary judgment may be filed at any time prior to assignment for trial." (Internal quotation marks omitted.) Emmerson v. Super 8Motel-Stamford, 59 Conn. App. 462, 469, 757 A.2d 651 (2000). CT Page 2578-by
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Gaynor v. Payne, 261 Conn. 585,590-91, 840 A.2d 170 (2002).
Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way . . . [A] summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party. [A] directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." (Citations omitted; internal quotation marks omitted.) Millerv. United Technologies Corp., 233 Conn. 732, 751-52, 660 A.2d 810
(1995).
I. Whether the plaintiff is entitled to summary judgment as to its complaint and the defenses thereto.
The plaintiff moves for summary judgment as to its complaint for breach of contract and unjust enrichment including the defendant's special defenses thereto[1] on the ground that there is no dispute of material fact. The plaintiff claims that the defendant is deemed to have admitted its failure to make payments for the directory advertising orders since the defendant did not respond to the plaintiff's request for admissions within thirty days. In addition, the plaintiff maintains that there is no dispute of fact under the plain language of the written contract that the defendant is obligated to pay the amount claimed in its complaint.
The defendant responds that the plaintiff is not entitled to summary judgment based on the defendant's admission of the plaintiff's request for admissions because the documents referred to in the requests are incomplete. It claims that the contracts make no reference to the proofs' text of the ads that the parties were supposed to be contracting for. Therefore, it maintains, the contracts are not integrated. CT Page 2578-cz
"The granting of summary judgment can be based on admissions resulting from a party's failure to respond to requests for admissions." Gagne v.National Railroad Passenger Corp., 26 Conn. App. 74, 77, 597 A.2d 836, cert. denied, 220 Conn. 932, 599 A.2d 382 (1991). "In Orenstein v. OldBuckingham Corp., supra, [205 Conn. 572, 534 A.2d 1172 (1987)] our Supreme Court affirmed the granting of a summary judgment on the basis of admissions by a party who did not respond to requests to admit, even though an opposing affidavit was filed." Allied Grocers Cooperative,Inc. v. Caplan, 30 Conn. App. 274, 280, 620 A.2d 165 (1993).
The fact that the defendant claims that the documents referred to in the plaintiff's request for admissions are incomplete is of no relevance. The defendant did not respond to these requests, thus, they are deemed admitted. Practice Book § 13-23 provides: "(a) Each matter of which an admission is requested is admitted unless, within thirty days after the filing of the notice . . . the party to whom the request is directed files and serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or his attorney." If the defendant was concerned about the fact that the documents were incomplete, it could have responded to the plaintiff's requests by objecting based on the incomplete documents. Thus, the defendant is conclusively deemed to have admitted that (1) the defendant ordered an advertisement from the plaintiff in the 1993-94 SNET Meriden Yellow Pages and Business to Business Directories and the 1995-96 SNET Meriden and Norwich Yellow Pages and Business to Business Directories, (2) the plaintiff published these advertisements in these directories, and (3) the defendant has not made any payment to the plaintiff for the advertising provided to the defendant in the stated directories. The defendant has shown, however, that there are genuine issues of material fact and that it has valid defenses to the plaintiff's claim.
The defendant alleges three special defenses to the plaintiff's complaint, as stated above. Of particular importance is the defendant's special defense that the applicable statute of limitations for the plaintiff to collect any money owed has run. The defendant cites to the Communications Act of 1934, specifically 47 U.S.C. § 415 (a) which provides: "Recovery of charges by carrier. All actions at law by carriers for recovery of their lawful charges, or any part thereof, shall be begun, within two years from the time the cause of action accrues, and not after." It is clear that our analysis is controlled by47 U.S.C. § 415 (a). It must be determined when a cause of action accrues for purposes of this statute.
"[T]he purpose of [47 U.S.C. §] 415 is to protect a potential defendant against stale and vexatious claims by ending the possibility of CT Page 2578-ca litigation after a reasonable period of time has elapsed." (Internal quotation marks omitted.) Central Scott Tel. Co. v. Teleconnect LongDistance Servs. Sys. Co., 832 F. Sup. 1317, 1320 (S.D.Iowa 1993). "[T]he statute of limitations for purposes of § 415(a) accrues with discovery of the right or wrong or of the facts on which such knowledge is chargeable in law." (Internal quotation marks omitted.) MCITelecommunications Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1100 (3d Cir. 1995), cert. denied, 519 U.S. 815, 136 L.Ed.2d 25, 117 S.Ct. 64
(1996).
In the present case, there is a question of fact regarding the status of the defendant's account with the plaintiff. When the money for the advertising orders was due and owing also needs to be determined. The plaintiff's complaint against the defendant is for collection of payment for the defendant's Directory Advertising Orders, signed by the defendant on February 2, 1993, for advertising in the 1993-94 SNET Meriden Yellow Pages and Business to Business Directories and, signed by the defendant on January 10, 1995, for advertising in the 1995-96 SNET Meriden and Norwich Yellow Pages and Business to Business Directories. Michael McKeon, manager of Credit and Collections for the plaintiff, avers that the defendant "has agreed to pay $828.00 per month and $526.50, respectively, for advertising in the 1993-94 Meriden and 1995-96 Meriden and Norwich Yellow Pages Business to Business Directories." (Affidavit of Michael McKeon, p. 2.) He further attests that the defendant "has failed to pay [the plaintiff] for advertising provided to it by [the plaintiff] . . ." Id. The exhibits that follow this affidavit labeled "Yellow Pages Advertising Contracts" attached to the plaintiff's motion for summary judgment are unclear and hard to understand, and require explanation by the plaintiff. It is important to note that one invoice, dated March 1, 1996, and signed by an account representative for the plaintiff, states that the defendant paid in advance for the advertising order for the 1995-96 directories. (See Plaintiff's Motion for Summary Judgment, Exhibit A.) It is unclear whether the defendant made a one-month payment or paid the entire amount of the advertising order in advance.
Applying the standards set forth above regarding the statute of limitations under 47 U.S.C. § 415, the claim for the advertising order for the 1993-94 directories does not survive. The advertising order was signed on February 2, 1993, and the effective date was September 7, 1993. Because the order ran for one year, it would expire on September 7, 1994. Since the statute of limitations for purposes of § 415(a) accrues with discovery of the right or wrong or of the facts on which such knowledge is chargeable in law, it is reasonable to believe that the plaintiff would have discovered that the defendant was not making its monthly payments, if in fact that is when the money for the advertising CT Page 2578-cb orders was due and owing, after the first payment became past due. Whether the statute of limitations is applied from any of these dates, the plaintiff's claim is untimely. The cause of action for this order would have expired two years from any of these dates. It is also unlikely that the plaintiff did not discover that the defendant did not make payments on this order until it expired. See MCI Telecommunications Corp.v. Teleconcepts, Inc., supra, 71 F.3d 1100. This is a stale claim and the defendant is protected because the possibility of litigation has ended as a reasonable period of time has passed. Recovery for this advertising order is barred by the two-year statute of limitations pursuant to § 415(a) because the action was not commenced until January 21, 1998. Therefore, summary judgment as to the plaintiff's complaint for 1993-94 claim is denied.
The only claim that may survive is the advertising order for the 1995-96 directories. This advertising order was signed on January 10, 1995, and the effective date was September 6, 1995. Since the order ran for one year, it would expire on September 6, 1996. If the statute of limitations is applied from January 10, 1995 or September 6, 1995, the plaintiff's claim would be untimely. The cause of action would expire two years from these dates, or on January 10, 1997 and September 6, 1997, respectively. If the statute of limitations is applied from September 6, 1996, the plaintiff's claim would be timely, as the cause of action would expire on September 6, 1998, and the plaintiff commenced the present action on January 21, 1998. As stated above, however, this late date is unrealistic because the plaintiff should have discovered sooner that the defendant was not making its payments each month.
As stated earlier, however, the exhibit shows that advance payment was made by the defendant. This raises a question of fact on two levels: (1) whether the advance payment was for the entire advertising order for the 1995-96 directories and (2) whether this advertising order is within the time frame of the statute of limitations. Therefore, summary judgment as to the plaintiff's complaint for the 1995-96 time frame and the defendant's affirmative defenses thereto is denied. The court will not consider the defendant's other two special defenses because the defendant has demonstrated the existence of a genuine issue of material facts.
II. Whether the breach of contract and negligence claims of the defendant's counterclaim are barred by the statute of limitations.
The plaintiff moves for summary judgment as to the first and second counts of the defendant's counterclaim, alleging breach of contract and negligent breach of contract, on the ground that they are time barred by the statute of limitations. The plaintiff maintains that the crux of the CT Page 2578-cc defendant's first counterclaim, that the plaintiff breached an alleged oral contract that existed in addition to the written contract for yellow pages advertising, is prohibited by the parole evidence rule because the contract contained a merger clause. In addition, the plaintiff raises the statute of limitations under General Statutes § 52-577 and § 52-581
as a special defense to these counts of the defendant's counterclaim. The plaintiff alleges that the statute of limitations under § 52-581 for the alleged oral contract is three years and the claim was brought five years later. The plaintiff further maintains that a three-year statute of limitations under § 52-577, applies to the second count of the counterclaim because it alleges four separate acts of negligence by the plaintiff.
The defendant responds arguing that the parole evidence rule does not bar admission of the oral contract because the written contract offered by the plaintiff was incomplete as a result of a term that was missing in the writing. Therefore, the facts of this case bring it within the exceptions to the parol evidence rule and the oral contract is not severable from the written contract. It maintains that the three-year statute of limitations, therefore, does not apply, which leaves a genuine issue of material fact regarding whether the proper text was printed in the yellow pages. The defendant claims that the applicable statute of limitations on the written contract is six years under General Statutes § 52-576. It also claims that where negligent conduct causes a breach of a written contract, the appropriate statute of limitations is six years pursuant to General Statutes § 52-577.
"Summary judgment may be granted where the claim is barred by the statute of limitations." Doty v. Mucci, 238 Conn. 800, 806, 679 A.2d 945
(1996). When "material facts concerning the statute of limitations [are] not in dispute . . ." summary judgment is proper. Burns v. HartfordHospital, 192 Conn. 451, 452, 472 A.2d 1257 (1984). "A summary judgment is proper where the affidavits do not set forth circumstances which would serve to avoid or impede the normal application of the particular limitations period." (Internal quotation marks omitted.) Collum v.Chapin, 40 Conn. App. 449, 453, 671 A.2d 1329 (1996).
"Section 52-576 (a) provides: `No action for an account, or on any simple or implied contract, or on any contract in writing, shall be brought but within six years after the right of action accrues, except as provided in subsection (b) of this section.' In this jurisdiction, a law suit is commenced when a proper officer serves a writ of summons and complaint on the defendant." Altfeter v. Naugatuck, 53 Conn. App. 791,803, 732 A.2d 207 (1999). "Pursuant to General Statutes § 52-581, [n]o action founded upon any express contract or agreement which is not CT Page 2578-cd reduced to writing . . . shall be brought but within three years after the right of action accrues." (Internal quotation marks omitted.) AvonMeadow Condominium Assn., Inc. v. Bank of Boston Connecticut,50 Conn. App. 688, 694, 719 A.2d 66, cert. denied, 247 Conn. 946,723 A.2d 320 (1998).
"The existence of a contract is a question of fact to be determined by the trier on the basis of all of the evidence." (Internal quotation marks omitted.) LR Realty v. Connecticut National Bank, 53 Conn. App. 524,534, 732 A.2d 181, cert. denied, 250 Conn. 901, 734 A.2d 984 (1999). "Further, the determination of whether a contract is oral or written is also a question of fact." Avon Meadow Condominium Assn., Inc. v. Bank ofBoston Connecticut, supra, 50 Conn. App. 695.
"A motion for summary judgment is properly granted only where no genuine issue of fact exists. Here, that is not the case." Id., 596. There is a factual dispute as to whether an oral contract exists between the parties, and whether the written contract is complete or missing any terms. It is unclear at this point whether the statute of limitations for oral contracts or written contracts applies. Therefore, summary judgment is inappropriate because a genuine issue of material fact exists concerning which statute of limitations applies. The plaintiff's motion for summary judgment as to count one of its complaint is therefore denied.
The plaintiff raises the statute of limitations as a special defense with respect to count two of the defendant's counterclaim for negligent breach of contract. It argues that because the defendant brought this claim nearly five years after it arose, it is barred by the three-year statute of limitations under General Statutes § 52-577. "Section 52-577
provides that [n]o action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." (Internal quotation marks omitted.) Mountaindale Condominium Assn., Inc.v. Zappone, 59 Conn. App. 311, 327, 757 A.2d 608, cert. denied,254 Conn. 947, 762 A.2d 603 (2000). The defendant contracted with the plaintiff for the purchase of yellow pages advertising on February 2, 1993. (Third Amended Counterclaim, second count, ¶ 3.) The defendant, however, did not file its first counterclaim until March 19, 1998. In response, the defendant claims that where negligent conduct causes a breach of a written contract the statute of limitations is six years.
A genuine issue of material fact exists as to whether the parties entered into an oral contract, and thus, the issue must be resolved before count two of the defendant's counterclaim can be addressed. If an CT Page 2578-ce oral contract exists, then the claim will be barred by the three-year statute of limitations. If only a written contract exists, then the claim may fall under the six-year statute of limitations. The issue then becomes whether the six-year statute of limitations for contracts or the three-year statute of limitations for torts applies. These matters must await trial. Therefore, the plaintiff's motion for summary judgment as to count two of the defendant's counterclaim is denied.
III. Whether the defendant's breach of statutory standards of service and breach of common-law duty claims are valid causes of action.
The plaintiff moves for summary judgment as to the third and fourth counts of defendant's counterclaim, alleging breach of statutory standards of service and breach of a common-law duty to provide adequate services, on the ground that no such causes of action exist under Connecticut statutory or common law. The plaintiff maintains that because the defendant fails to identify which statutes and/or regulations it is relying upon and there does not appear to be any recognized common-law duty to provide reasonably sufficient telephone service, there is no question of law or dispute of fact. In addition, the plaintiff raises a special defense that its liability is limited to the SNET Tariffs on file with Connecticut department of public utility control.
The defendant counters that there is a statutory duty to provide basic customer service and meet customer needs under General Statutes §16-247e entitled "Basic telecommunications services. Lifeline program, Universal service program." The defendant further maintains that there is a common-law cause of action because there exists a common-law duty to provide adequate telecommunications services.
"Duty is a legal conclusion about relationships between individuals, made after the fact. The nature of the duty, and the specific persons to whom it is owed, are determined by the circumstances surrounding the conduct of the individual . . . Although the determination of whether a duty exists is ordinarily a question of law . . . under some circumstances, the question involves elements of both fact and law." (Citations omitted; internal quotation marks omitted.) LaFlamme v.Dallessio, 261 Conn. 247, 251, 802 A.2d 63 (2002).
"The issue of whether a [party] owes a duty of care is an appropriate matter for summary judgment action because the question is one of law." (Internal quotation marks omitted.) Soares v. George A. TomassoConstruction Corp., 66 Conn. App. 466, 469 n. 2, 784 A.2d 1041 (2001). "The existence of a duty is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the [party] CT Page 2578-cf violated that duty in the particular situation at hand . . . We have stated that the test for the existence of a legal duty of care entails (1) a determination of whether an ordinary person in the [plaintiff's] position, knowing what the [plaintiff] knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result, and (2) a determination, on the basis of public policy analysis, of whether the [plaintiff's] responsibility for its negligent conduct should extend to the particular consequences or particular [defendant] in the case . . . The first part of the test invokes the question of foreseeability, and the second part invokes the question of policy." (Internal quotation marks omitted.) Gazo v. Stamford, 255 Conn. 245,250, 765 A.2d 505 (2001). "A duty to use care may arise from a contract, from a statute, or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act." Coburn v. Lenox Homes, Inc., 186 Conn. 370, 375,441 A.2d 620 (1982).
The court concludes that the plaintiff owed a duty to the defendant. The defendant cited to General Statutes § 16-247e,[2] which provides that residents and businesses are entitled to high quality telecommunications services that meet customer needs. Whether the plaintiff failed to meet these standards is a question of fact to be decided by the trier of fact. Our Supreme Court has stated, as discussed above that "[t]he existence of a duty is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand." (Internal quotation marks omitted.) Mendillo v. Board ofEducation, 246 Conn. 456, 483, 717 A.2d 1177 (1998).
Applying the two-part test enumerated in Gazo v. Stamford, supra,255 Conn. 245, the plaintiff knew or should have known that harm would result or was likely to result from its inability to adequately repair the defendant's phone lines. Under the first prong of the test, it was foreseeable that the defendant would suffer harm because the plaintiff was on notice that every time it rained or there was wind or a storm, the defendant's phone lines would not meet his customer needs. The plaintiff was on notice because it received several calls from the defendant complaining of the service he was receiving with regard to his phone lines and requests for work orders to repair the phone lines. These problems persisted over a long period of time and were so numerous that work order numbers were no longer issued when the defendant called with complaints about his service. (Third Amended Counterclaim, third count, ¶¶ 5 and 6.) Under the second prong of the test, the plaintiff's responsibility should extend to the defendant in this case. The phone CT Page 2578-cg company is to provide phone services that meet its customer's needs pursuant to General Statutes § 16-247,[3] including maintaining adequate services by making repairs as necessary.
There is a question of whether the standards under General Statutes § 16-247e and the SNET Tariffs were met and if the plaintiff was in breach of a duty that it owed to the defendant. For the foregoing reasons, the plaintiff's motion for summary judgment as to counts three and four of the defendant's counterclaim is denied.
IV. Whether there is a question of law as to the defendant's theory of common-law invasion of privacy and whether the defendant's claim under the wiretapping statutes is barred by the statute of limitations.
The plaintiff moves for summary judgment as to the fifth count of the defendant's counterclaim on the ground that there is no question of law or dispute of material facts as to either the defendant's theory of a common-law invasion of privacy or statutory violations under federal wiretapping statutes. The plaintiff maintains that the defendant has not alleged any facts that would support a finding that either the plaintiff or a third party listened to any telephone conversation of the defendant. The plaintiff also argues that the defendant's counterclaim for damages under the federal wiretapping statutes is barred by the statute of limitations pursuant to the United States Code, specifically18 U.S.C. § 2520 (e) which provides: "Limitation. A civil action under this section may not be commenced later than two years after the date upon which the claimant first has a reasonable opportunity to discover the violation."
The defendant responds that the injury complained of was the intrusion which resulted from the continuous leaving of the telephone line in a condition where the lines disclosed the contents of the defendant's law office communications to third parties. The defendant also maintains that it has alleged the necessary intent by quoting the statutes in the complaint, alleging violation of these statutes, and that by doing so, it alleges the necessary intent as set forth in the text of the statutes. In addition, the defendant argues that its claim is not barred under the two-year statute of limitations because, in Connecticut, the statute of limitations is tolled by the continuous course of conduct doctrine.
A cause of action for invasion of privacy was first recognized in Connecticut in Goodrich v. Waterbury Republican-American, Inc.,188 Conn. 107, 128, 438 A.2d 1317 (1982). The court stated that "[i]n recognizing this right of action today, we note that the law of privacy has not developed as a single tort, but as a complex of four distinct CT Page 2578-ch kinds of invasion of four different interests of the plaintiff, which are tied together by the common name, but otherwise have almost nothing in common except that each represents an interference with the right of the plaintiff to be let alone." (Internal quotation marks omitted.) Id., 127-28. Our Supreme Court has described the four types of invasion of privacy as "(1) appropriation, for the defendant's benefit or advantage, of the plaintiff's name or likeness; (2) intrusion upon the plaintiff's physical solitude or seclusion; (3) publicity, of a highly objectionable kind, given to private information about the plaintiff even though it is true and no action would lie for defamation; and (4) publicity which places the plaintiff in a false light in the public eye." Venturi v.Savitt, Inc., 191 Conn. 588, 591 n. 1, 468 A.2d 933 (1983); see alsoHonan v. Dimyan, 52 Conn. App. 123, 132, 726 A.2d 613, cert. denied,249 Conn. 909, 733 A.2d 227 (1999).
Under the Restatement (Second) of Torts, which Connecticut courts have adopted, "one who intentionally intrudes physically or otherwise upon the solitude or seclusion of another or its private affairs or concerns is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person." 3 Restatement (Second) of Torts § 652B (1977); see also Venturi v.Savitt, Inc., supra, 191 Conn. 591. "As a matter of law, the statements on which the [defendant] predicates this cause of action did not invade the [defendant's] physical solitude or seclusion; were not `highly objectionable'; and were not `published' so widely as to have been made `public.'" Bennett v. Lindsay, Superior Court, judicial district of New Haven, Docket No. 389401 (July 6, 1999, Levin, J.), aff'd.,58 Conn. App. 906, 754 A.2d 864 (2000). "[T]he complaint must allege facts demonstrating an intrusion upon a privacy interest that is highly offensive to a reasonable person." (Internal quotation marks omitted.)Flowers v. New Britain General Hospital, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. CV 91 0393885 (June 10, 1994, Hennessey, J.) (9 C.S.C.R. 699, 700). The complaint in the present case is devoid of the factual allegations necessary to state a claim for invasion of privacy.
"A party may not . . . rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." (Internal quotation marks omitted.) Buell Industries, Inc. v. Greater NewYork Mutual Ins. Co., 259 Conn. 527, 558, 791 A.2d 489 (2002). The defendant has only alleged that it could hear other people talking while its phone lines were in use. Whether others heard the telephone conversations is mere speculation. Moreover, the defendant has not shown that the plaintiff intentionally intruded upon the solitude of the defendant or its affairs or that any intrusion was highly offensive. CT Page 2578-ci There is no genuine issue of material fact, and the plaintiff has failed to state a cause of action for invasion of privacy.
"The presence . . . of an alleged adverse claim is not sufficient to defeat a motion for summary judgment." (Internal quotation marks omitted.) Wadia Enterprises, Inc. v. Hirschfeld, 224 Conn. 240, 247,438 A.2d 415 (1992). There is nothing in the entire record before the court that suggests that the defendant could in good faith state and maintain a legally sufficient claim for invasion of privacy at common law or under the federal wiretapping statutes.[4] There was no intentional overhearing or recording of a telephone communication by the plaintiff pursuant to the definition of "wiretapping" in General Statutes §53a-187. The defendant has not shown that the plaintiff intentionally disclosed or endeavored to disclose the contents of the oral communications over the defendant's phone lines pursuant to18 U.S.C. § 2511 (c) or that the plaintiff intentionally divulged the contents of a communication while in transmission pursuant to18 U.S.C. § 2511 (3)(a).
The plaintiff's alternative argument for moving to dismiss count five of defendant's counterclaim is alleged as a special defense, that the statute of limitations with respect to damages under the wiretapping statutes bars the defendant's claim. The defendant argues that the continuing course of conduct doctrine tolls the statute of limitations. "When the wrong sued upon consists of a continuing course of conduct, the statute does not begin to run until that course of conduct is completed."Fischera v. Mine Hill Corp., 207 Conn. 204, 208, 541 A.2d 472 (1988);Rosenfield v. Rogin, Nassau, Caplan, Lassman Hirtle, LLC,69 Conn. App. 151, 160, 795 A.2d 572 (2002). "[A] statute of limitations . . . may be tolled under the . . . continuing course of conduct doctrine, thereby allowing a [party] to commence his or her lawsuit at a later date . . . [T]o support a finding of a continuing course of conduct that may toll the statute of limitations there must be evidence of the breach of a duty that remained in existence after commission of the original wrong related thereto. That duty must not have terminated prior to commencement of the period allowed for bringing an action for such a wrong . . . Where [our Supreme Court has] upheld a finding that a duty continued to exist after the cessation of the act or omission relied upon, there has been evidence of either a special relationship between the parties giving rise to such a continuing duty or some later wrongful conduct of a [party] related to the prior act." (Internal quotation marks omitted.) Witt v. St. Vincent's Medical Center, 252 Conn. 363, 369-70,746 A.2d 753 (2000). "[T]he application of the continuing course of conduct doctrine [is] conspicuously fact-bound." (Internal quotation marks omitted.) Sherwood v. Danbury Hospital, 252 Conn. 193, 210, CT Page 2578-cj746 A.2d 730 (2000). "[N]o ongoing relationship is required for the continuing course of conduct doctrine to apply . . ." (Citation omitted; internal quotation marks omitted.) Hernandez v. Cirmo, 67 Conn. App. 565,573, 787 A.2d 657, cert. denied, 259 Conn. 931, 793 A.2d 1084 (2002).
Whether the parties did have a continuous course of conduct as a result of their relationship from the contract for yellow pages advertising depends on whether the plaintiff breached its duty to provide adequate telephone service to the defendant. Even though the continuous course of conduct doctrine is conspicuously fact-bound, this issue can be resolved without going to trial since there is no genuine issue of material fact. While the defendant asserts that the course of conduct continued from January 1986 to February 1997, the plaintiff replaced the cable to the defendant's phone line on February 1, 1997, eliminating any further problems with the phone lines, including cross talk, party line interference and buzzing sounds. (Defendant's Objection, pp. 21-22.) The course of conduct, therefore, was completed on that date. As stated above, this is when the statute of limitations would begin to run. No other special relationship existed between the parties that would continue to toll the statute of limitations. This being the case, the defendant had two years from February 1, 1997 to bring a cause of action against the plaintiff pursuant to the statute of limitations under18 U.S.C. § 2520 (e). The defendant did not bring this claim until July 19, 1999, well over the two-year statute of limitations. For these reasons, the plaintiff's motion for summary judgment as to count five of the defendant's counterclaim is granted.[5]
V. Whether deficiencies in the defendant's phone line constitute a CUTPA claim.
The plaintiff moves for summary judgment as to the seventh count of the defendant's counterclaim on the ground that there is no question of law or dispute of material fact that the alleged deficiencies in the defendant's telephone service did not rise to the level of an unfair trade practice in violation of General Statutes § 42-110a et. seq., the Connecticut Unfair Trade Practices Act (CUTPA).
The defendant responds that counts three, four and five taken together allege a proper CUTPA violation because they allege violations of statutes which are statements of public policy. It maintains that the seventh count alleges unlawful and oppressive conduct in violation of the common-law concepts of negligence and contract resulting in damages.
"As a matter of law, to establish a CUTPA violation, the [party] had to establish that it was injured by unfair or deceptive acts or practices in CT Page 2578-ck the conduct of any trade or commerce." (Internal quotation marks omitted.) Johnson Electric Co. v. Salce Contracting Assoc.,72 Conn. App. 342, 348, 766 A.2d 416 (2002). It is well settled that in determining whether a practice or activity violates CUTPA, "courts must apply the so-called cigarette rule, which asks (1) [w]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common-law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [competitors or other businessmen]." (Internal quotation marks omitted.)Larsen Chelsey Realty Co. v. Larsen, 232 Conn. 480, 507, 656 A.2d 1009
(1995).
"All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three . . . Thus a violation of CUTPA may be established by showing either an actual deceptive practice . . . or a practice amounting to a violation of public policy." (Internal quotation marks omitted.) SaturnConstruction Co. v. Premier Roofing Co., 238 Conn. 293, 311, 680 A.2d 1274
(1996).
Although "[a]ll three factors of the cigarette rule need not be satisfied to establish an unfair trade practice . . . it has been suggested, however, that unjustified consumer injury is the most important of the three factors, and that it must be substantial to justify regulation of a practice." (Citations omitted). Prishwalko v. BobThomas Ford, Inc., 33 Conn. App. 575, 585-86, 636 A.2d 1383 (1994).
"The question of whether an action or practice can be the basis of a CUTPA action depends upon all the circumstances of the particular case."Jacobs v. Healey Ford-Subaru, Inc., 231 Conn. 707, 726, 652 A.2d 496
(1995). "Whether a practice is unfair and thus violates CUTPA is an issue of fact . . . The facts found must be viewed within the context of the totality of the circumstances which are uniquely available to the trial court." (Internal quotation marks omitted.) Ancona v. Manafort Bros.,Inc., 56 Conn. App. 701, 714, 746 A.2d 184, cert. denied, 252 Conn. 954,749 A.2d 1202 (2000).
"[T]he federal trade commission has stated: The independent nature of the consumer injury criterion does not mean that every consumer injury is legally unfair . . . To justify a finding of unfairness the injury must satisfy three tests. It must be substantial; it must not be outweighed by CT Page 2578-cl any countervailing benefits to consumers or competition that the practice produces; and it must be an injury that consumers themselves could not reasonably have avoided." (Internal quotation marks omitted.) Prishwalkov. Bob Thomas Ford, Inc., supra, 33 Conn. App. 585.
"Rather than requiring a showing of substantial injury to a [party], General Statutes 42-110g (a) provides that [a]ny person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by section 42-110b, may bring an action . . . to recover actual damages. Proof of public interest or public injury shall not be required." (Internal quotation marks omitted.) Id., 586. The Supreme Court determined that a party "demonstrated that they suffered an ascertainable loss when they produced evidence fairly suggesting that, as a result of an unfair or deceptive trade practice, they received something different from that for which they had bargained." Hinchcliffe v. American Motors Corp.,184 Conn. 607, 619, 440 A.2d 810 (1981). The Hinchcliffe court set aside the trial court's entry of a directed verdict for the defendant, stating that the amount of actual damages that the plaintiff might ultimately recover was not a concern at that stage of the trial.
"[T]he party moving for summary judgment . . . is required to support its motion with supporting documentation, including affidavits." HeymanAssociates No. 1 v. Insurance Co. of Pennsylvania, 231 Conn. 756, 796,653 A.2d 122 (1995). The plaintiff has not done so with respect to the defendant's CUTPA claim. The defendant, on the other hand, has shown that it has sustained an ascertainable loss as a result of the practices employed by the plaintiff in providing and maintaining telephone service to the defendant. The amount of damages is not of concern at this point. Having considered all of the foregoing, the plaintiff's motion for summary judgment as to count seven of the defendant's counterclaim is denied. It is up to the trier of fact to weigh all the facts within the totality of the circumstances of the case and determine whether the plaintiff's acts violate CUTPA under the three-part test set forth above.
 CONCLUSION
The plaintiff's motion for summary judgment as to its complaint for breach of contract and unjust enrichment and the special defenses thereto is denied. The plaintiff's motion for summary judgment as to the defendant's counterclaim is granted as to count five and denied as to counts one, two, three, four and seven because the plaintiff has not met its burden of demonstrating the absence of genuine issues of material fact, entitling it to judgment as a matter of law. CT Page 2578-cm
Angela Robinson-Thomas, J.